No. 18,888.

B. HOFFHINES et al., Partners, etc., *Appellees,* v. C. E. THORSON et al., *Appellants.*

SYLLABUS BY THE COURT.

1. REAL-ESTATE AGENT—*Acting in Dual Capacity—Commissions.* A real-estate agent who represented both parties in an exchange of merchandise for land can not recover a commission from either without showing that both were fully apprised of the situation and had knowledge of every circumstance connected with his employment in so far as the same would naturally affect his action as agent.

2. SAME. It is not enough that one principal be willing that the agent act for the other also. It must appear that such dual agency was fully known and freely consented to by both.

3. SAME—*Pleadings—Trial—Demurrer to Evidence.* In an action to recover commission from one principal it was alleged that the plaintiffs acted for both with the knowledge and consent of each, but the evidence failed to show such knowledge. *Held,* that a demurrer to the evidence should have been sustained although fraud was not pleaded in defense to the action.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed June 6, 1914. Reversed.

*Tinkham Veale,* and *Ernest R. Simon,* both of Topeka, for the appellants.

*J. B. Larimer,* and *Hugh T. Fisher,* both of Topeka, for the appellees.

The opinion of the court was delivered by

WEST, J.: The plaintiffs sued for a commission for an exchange of certain land owned by the defendants for a stock of hardware and other properties connected therewith. They alleged that in effecting the exchange they acted as agents for the other parties also with the knowledge and consent of each. The answer alleged in substance that the plaintiffs acted solely for the owner of the hardware stock in making the exchange, and that it was understood and agreed that they should look to him for their commission, and that the defendants did not promise to pay the plaintiffs anything. It was testified that Snyder, the owner of the hardware stock, agreed to pay the plaintiffs $500 for making the transfer unless they acted also for the defendants, in which case he agreed to pay $250; that he was not told that they were acting as agents for the defendants, and nothing was said about that, and the question never came up; also that the statement was made that they were not representing the defendants; that after the deal was closed Snyder paid $150 and declined to pay more until it was ascertained whether the plaintiffs were acting for the other side; that

Hoffhines v. Thorson.

nothing was kept from Mr. Snyder; also the fact of the dual agency was not made known to him until the exchange had been made; that two of the defendants stated during the progress of the negotiations that Mr. Hoffhines would be taken care of, and that one of them said later that he would be given goods from the hardware stock. The jury returned a verdict for $330, one-half of the amount sued for, and in answer to special questions found that the exchange was made; that Snyder was willing that the plaintiffs should represent the purchaser of his hardware stock, and agreed that their commission should be reduced to one-half if they did so represent the purchaser; that the plaintiffs did not inform him that they were acting for the defendants; that the defendants did not agree to pay the plaintiffs' any commission; also, that one of the defendants was represented by another company, and that the plaintiffs acted for some of the defendants. Aside from the question of dual agency these findings together with the general verdict fairly mean that the plaintiffs were instrumental in effecting the exchange and are entitled to compensation therefor, although another agency had a part in the deal and although no express promise to pay a definite sum was proved. It appears that the plaintiffs raised the price asked by the defendants for their land $12.50 an acre to their client Snyder, and afterwards called on the defendants to divide this increased amount with them.

Recently the matter of dual agency when the interests of the principals. are not and when they are conflicting has been thoroughly considered in *Wilson v. Insurance Co.*, 90 Kan. 355, 133 Pac. 715, and in *Bank v. Insurance Co.*, 91 Kan. 18, 137 Pac. 78, in *Rinebarger v. Weesner*, 91 Kan. 303, 137 Pac. 969, and in *Crawford v. Investment Co.*, 91 Kan. 748, 139 Pac. 481. In the latter the rule was stated that in order to recover compensation from either principal the agent must make a full disclosure of his dual agency "and it should

appear that knowledge of every circumstance connected with his employment by either was communicated to the other, in so far as the same would naturally affect his action as agent." (Syl. ¶ 1.) At the close of the plaintiffs' testimony it not only did not appear that such full disclosure had been made, but it affirmatively appeared that Snyder did not know that the plaintiffs were acting for the defendants. A demurrer to the plaintiffs' evidence was overruled, and this is assigned as error. It is insisted that as the answer did not allege fraud as a defense the defendants can not avail themselves of the alleged invalidity of the contract. But it is not the invalidity of the contract declared on by the plaintiffs but the invalidity of their acts which presents the difficulty. They alleged that "they acted as agents for said defendants and also for said Stanley Snyder with the knowledge and consent of each," and under the rule in the Crawford case it was essential to prove at least this allegation before any right to recover could be shown; and having entered a general denial the defendants certainly had the right to challenge their adversaries' evidence for failure to show such mutual knowledge and consent. While the evidence indicated Snyder's entire willingness that the agents should act for the defendants also, such willingness did not clothe them with power thus to act unless such dual relation was fully known to both parties and had their free consent. In other words, the task of representing two antagonistic parties, who would naturally deal at arm's length and each look carefully out for his own interests if dealing directly, is such a strain on human nature that one who seeks to recover for such representation from either must show affirmatively that both were fully apprised of the situation. Doubtless if the Crawford decision had been rendered before the trial of this case the demurrer would have been sustained. Following the rule there laid down we think the plaintiffs' evidence failed to show any right to recover.

The judgment is therefore reversed with directions to sustain the demurrer and to render judgment for the defendants.