## PEADEN v. MARLER et al.

No. 9507—Opinion Filed April 27, 1920.

(Syllabus by the Court.)

**Brokers—Right to Commissions—Agreement to Pool Commissions—Illegality—Effect.**

Where real estate brokers representing adverse interests in the exchange of real estate agree to pool and divide their respective commissions, according to a pre-arranged plan, their agreement is void as against pub-

lic policy, and they can recover compensation from neither, unless such arrangement was known and assented to by both principals.

Error from District Court, Grady County; Will Linn, Judge.

Action by J. M. Marler and another against W. H. Peaden for real estate broker's commission. Judgment for plaintiff, Marler, and defendant brings error. Reversed.

W. C. Austin, for plaintiff in error.

Bond, Melton & Melton, for defendants in error.

RAINEY, J. The defendants in error, J. M. Marler and Dave Willis, sued the plaintiff in error, W. H. Peaden, to recover the sum of $600, alleging that the said Peaden had agreed to pay them and one J. F. Pickle the sum of $1,000 as commission for the sale or exchange of certain lands of the said Peaden situated in Texas for property in Chickasha, Okla., owned by one E. T. Thompson; that Pickle was to receive $400 out of the said $1,000, and the plaintiffs were to receive $600. They further alleged that the exchange of the lands was made by the joint efforts of themselves and the said Pickle; that Pickle had been paid $400 due him, and there was due the plaintiffs by the defendant $600, which he refused to pay.

Defendant answered, denying he had employed plaintiffs as his agents and denying that he was indebted to them in any sum, and alleged that said plaintiffs represented Thompson, the adverse party to such exchange of property. There was another defense made which is not material to a decision of the case.

Upon the issues thus framed, the case was tried to the court without a jury, resulting in a judgment for the plaintiff Marler for the amount sued for, and against the plaintiff Willis. Defendant's motion for new trial was overruled, and he brings the case here for review.

The plaintiff in error, defendant below, in seeking to reverse the judgment of the district court, urges: 1st. That the judgment is contrary to the evidence and the law, for the reason that the evidence shows the plaintiff Marler, together with one Pickle, as the agents of Peaden, and plaintiff Willis as the agent of Thompson, agreed to pool their commissions and divide the same without communicating the agreement to both principals. 2nd. Under the pleadings and the evidence, it was error to render judgment in favor of one joint plaintiff and against the other.

As we view the case, it is only necessary to consider the first assignment of error.

The record discloses that the defendant, Peaden, had agreed with the plaintiffs and Pickle to pay them a commission of $1,000, to effect the exchange of his property; that Willis, one of the plaintiffs, was representing the adverse party, Thompson, and that Thompson had agreed to pay him a commission of $200. Willis was unwilling to assist in the exchange of said lands for the commission of $200 which Thompson agreed to pay him, so an arrangement was made between the agents for the respective principals that they would pool their commissions and each agent receive $400 therefrom. After the exchange Pickle was paid $400 by Peaden, and Thompson paid Willis $200 commission, but Peaden refused to pay the remaining $600 to Marler and Willis. The evidence further shows that Thompson did not know that the agents involved in the transaction were pooling their commissions; that is, that Willis, in addition to the $200 which he, Thompson, paid him, was to receive an additional $200 out of the commission agreed to be paid by Peaden, although it was shown that Peaden knew of the arrangement whereby Willis was to receive such commission from both sides and assented to it.

Under these circumstances the judgment of the trial court is clearly erroneous, for the authorities are almost unanimous that such agreements are contrary to public policy and, therefore, void and unenforceable against either principal, unless both principals know of and assent to the agreements. 4 Ruling Case Law, 327; Howard v. Murphy, 70 N. J. Law, 141, 56 Atl. 143; Levy v. Spencer, 18 Colo. 532, 33 Pac. 415; Leno v. Stewart, 89 Vt. 286, 95 Atl. 539, 1917-A Ann. Cas. 509; Skirvin v. Gardner, 36 Okla. 613, 129 Pac. 729; Plottner v. Chilson, 21 Okla. 224, 95 Pac. 775; Levy v. Gross, 46 Okla. 626, 149 Pac. 327. It is well settled that the law will not permit brokers to put themselves in a position where they are subject to the demands of conflicting duties, without at least the full knowledge and consent of both vendor and vendee.

The Supreme Court of California, in the case of Glenn v. Rice, 162 Pac. 1020, held:

"The reason for the rule is that he thereby puts himself in a position where his duty

to one conflicts with his duty to the other, where his own interest tempts him to be unfaithful to both principals, a position which is against sound public policy and good morals. His contract for compensation being thus tainted, the law will not permit him to enforce it against either party. It is no answer to this objection to say that he did, in the particular case, act fairly and honorably to both. The infirmity of his contract does not arise from his actual conduct in the given case, but from the policy of the law, which will not allow a man to gain anything from a relation so conducive to bad faith and double dealing. And the fact that the party whom he sues was aware of the double agency and of the payment, or agreement to pay, compensation by the other party, and consented thereto, does not entitle him to recover. He must show knowledge by both parties. One party might willingly consent believing that the advantage would accrue to him, to the detriment of the other. The law will not tolerate such an arrangement, except with the knowledge and consent of both, and will enter into no inquiry to determine whether or not the particular negotiation was fairly conducted by the agent. It leaves him as it finds him, affording him no relief." Hoffhines v. Thorson, 92 Kan. 605, 141 Pac. 253; Crawford et al. v. Surety Inv. Co., 91 Kan. 748, 139 Pac. 481; Rice v. Wood, 113 Mass. 133; Campbell v. Baxter (Neb.) 60 N. W. 90.

The plaintiffs sue on a valid agreement of the defendant Peaden to pay themselves and Pickle a real estate commission; they prove a contract contrary to public policy and unenforceable in law.

The trial court rendered judgment in favor of one of the plaintiffs, evidently taking the view that the contract was unenforceable as far as the agent Willis was concerned, he being the agent of the adverse party. The contract, under the above and foregoing authorities, is void, and cannot be enforced by any of the parties thereto. 4 R. C. L. 329; Bell v. McConnell, 37 Ohio St. 396, 41 Am. Rep. 528.

The questions decided are sufficiently presented by the record made in the trial court.

The judgment of the trial court, being clearly against the evidence and contrary to law, is reversed.

OWEN, C. J., and KANE, HARRISON, and JOHNSON, JJ., concur.