## BOWER v. SELBY.

No. 13621—Opinion Filed May 7, 1924.

Rehearing Denied Jan. 6, 1925.

1. **Appeal and Error—Discretion of Trial Court—Reopening Case.**

It is a matter largely in the discretion of the trial court as to whether a party to a proceeding should be permitted to with-

draw his announcement of rest for the purpose of introducing evidence upon some point not already covered by proof; and unless it reasonably appears that the trial court abused such discretion in reopening the case for further evidence, the appellate court will refuse to find reversible error.

## 2. Trial — Sufficiency of Instructions on Conflicting Theories.

It is the duty of the trial judge in a law suit tried to a jury, after the evidence is concluded, to submit to the jury by appropriate instructions the law applicable to any issue, theory, or defense which the evidence reasonably tends to support; and where the contentions made by the opposing parties are conflicting and the theories of both plaintiff and defendant are reasonably supported by evidence adduced upon the trial, and the court's instructions appropriately submit to the jury the conflicting theories, the instructions are not conflicting in the sense that the jury is left to guess at which of the conflicting declarations of law it should apply, which would constitute reversible error.

## 3. Judgment Sustained.

Record examined, and held, that it does not reasonably appear therefrom that the trial judge abused his discretion in permitting the plaintiff to reopen the case for the purpose of introducing evidence as to what would be a reasonable attorney's fee for plaintiff's attorney; and held, that the court's instructions were not conflicting to the extent of amounting to reversible error; and held, that the instructions appropriately submitted the conflicting theories of the plaintiff and defendant to the jury; and held, that the verdict of the jury is amply supported by the evidence, and that the judgment should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Muskogee County; Benjamin B. Wheeler, Judge.

Action by J. L. Selby against J. W. S. Bower upon a promissory note and for foreclosure of real estate mortgage. Judgment for plaintiff, and defendant appeals. Affirmed.

Neff & Neff, for plaintiff in error.

Linebaugh & Pinson, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error, defendant below, will be referred to herein as the defendant, and the defendant in error, plaintiff below, as the plaintiff.

The facts out of which this action grew are that the plaintiff and defendant were doing a mill and elevator business in the city of Muskogee as partners, under the firm name of Muskogee Mill & Elevator Company; and were the owners of certain real and personal property connected with their business; that early in the year 1921 they dissolved their partnership business by plaintiff selling out to the defendant for the sum of $37,000, of which the sum of $23,000 was paid in cash and the remaining $14,000 was evidenced by a note dated the 21st day of February, 1921, and secured by a mortgage on certain real and personal property. The defendant declined to pay the full amount of the note and plaintiff filed suit.

The suit was filed on the 25th of February, 1922. The suit is based upon the note and mortgage, and the default of the defendant thereon, plaintiff alleging an unpaid balance of $2,487.31, and accrued and accruing interest, and also for a reasonable attorney's fee in the sum of $250, for all of which judgment is prayed; and for foreclosure of the mortgage. The defendant answered by general denial except as to such matters as were expressly admitted. The execution of the note and mortgage was admitted, and that there was an unpaid balance. By way of defense against such unpaid balance the defendant alleges, in effect, that plaintiff and defendant were doing a partnership business, and the note sued on was given as part payment for plaintiff's interest in the business, and that the basis of division was a valuation placed on the personalty belonging to the business, which they had agreed, to be the sum of $28,000, and that in fixing such valuation there was counted in a debt owing by defendant individually to the partnership amounting to $3,950 and which the plaintiff represented had not been paid, when in fact it had been paid, and that the defendant relied upon the representations of plaintiff as his partner; and that there was outstanding an indebtedness by way of overdraft in the sum of $655.01, which the defendant paid after the dissolution; and at the time of the dissolution the plaintiff represented to defendant that there was no indebtedness owing by the company, and defendant relied upon such representations and believed there was no outstanding indebtedness, and the result of the representations made by plaintiff was that defendant agreed to pay more than was coming to plaintiff for his half of the personalty, the defendant claiming that the real amount that he should pay to plaintiff would be half of the $28,000 less $3,950 plus

$655.01, or the sum of $11,697.50, and accruing interest, which the defendant claimed and alleged that he had paid, and therefore was not indebted to plaintiff in any sum. The plaintiff replied to defendant's answer by general denial except matters admitted; and by further allegations that the dissolution of the partnership business was disposed of by defendant making a proposition to plaintiff to give or take the sum of $37,000 for the entire half interest in the property as it stood at the time the proposition was made; and plaintiff elected to sell and was paid the sum of $23,000 in cash and accepted the note of $14,000 herein sued on, for the unpaid balance; and the defendant is estopped from denying liability upon the note.

The case was tried to a jury on the 11th of April, 1922, resulting in a verdict and judgment for plaintiff in the sum of $2,515, and an attorney's fee in the sum of $250. A motion for a new trial was filed by defendant and overruled, and the cause is here on appeal.

The assignments of error are argued in the defendant's brief under two propositions, which are stated as follows:

(1) "The court erred in allowing the plaintiff to make proof of the amount of a reasonable attorney's fee.

(2) "The court gave instructions which were in conflict with each other, and the case should be reversed on that account."

It appears from the record that since the execution and delivery of the note and mortgage sued on was admitted, and it was further admitted that there was an unpaid balance as shown by the face of the note, against which the defendant had pleaded a defense, it was agreed that the defendant should take the burden of establishing his defense, and the defendant seems to have taken the lead in the trial. At the close of the evidence and upon the announcement of rest by both parties, it seems to have been suggested that in case the jury should return a verdict for the plaintiff, it would devolve upon the court to fix a reasonable attorney's fee as provided for in the note; but the court seems to have thought the question of reasonable attorney's fee should be submitted to the jury so that they might fix the fee in the event the verdict should be in favor of the plaintiff; and the plaintiff was permitted to reopen the case for the sole purpose of introducing evidence as to what would be a reasonable attorney's fee. This action of the court is complained of by the defendant and he insists that this

error alone would justify and require this court to set aside and reverse the judgment of the trial court. We cannot agree with such contention. The defendant had contracted to pay a reasonable attorney's fee in case the note should be placed in the hands of an attorney for collection or suit brought on the note. The plaintiff had fixed the reasonable attorney's fee at $250 in his petition and prayed judgment for such amount for attorney's fee. The proof offered as to the attorney's fee tended to show that $250 would be a reasonable fee, and the amount was in no wise contested by defendant by showing a different or less amount would be reasonable, or that $250 would be an unreasonably large amount. The matter of reopening a case to permit additional proof to be offered by either party is a matter largely addressed to the discretion of the trial court, and in the absence of abuse of such discretion the appellate court will refuse to find error. It satisfactorily appears here that the trial court did not abuse the discretion reposed in him in the matter. The question of what was a reasonable fee was open to the defendant, and no counter proof was offered. The court, by appropriate instructions, submitted the question of attorney's fees to the jury for it to fix, in the event it should find for the plaintiff. The jury found for the plaintiff and fixed the fee at $250. which is substantially 10% of the amount found owing by the defendant to plaintiff. The amount of the fee is reasonably supported by the evidence. Even though the conduct of the court in permitting the plaintiff to reopen the case to introduce evidence of what was a reasonable attorney's fee was error, an assignment of error based thereon is highly technical and should be disregarded under section 319, Comp. Stat. 1921, unless it had the effect of denying the defendant some substantial right. We think the defendant was not denied a substantial right by the trial court in the exercise of its discretion in the matter complained of, and refuse to find reversible error.

The defendant complains that the instructions given by the trial court were conflicting to the extent of requiring a reversal of the judgment. An examination of the record presented establishes that there was strong conflict between the plaintiff and defendant in their theories upon which the case was tried. It was the contention of the plaintiff that when the agreement was made between him and the defendant to dissolve

the partnership business, the defendant had the same opportunity to know the condition of their business affairs as he had, and that with as full knowledge thereof as he possessed, the defendant made a proposition to buy or sell at a price fixed by the defendant at $37,000 for the half interest in the business as it stood on the day the proposition was made; and that plaintiff elected to sell, and was paid by the defendant $23,000 in cash and the note and mortgage for $14,000 herein sued on was given by defendant for the unpaid balance. The evidence adduced on the part of the plaintiff amply supported this contention. The defendant contended that the plaintiff had the better opportunity of knowing the condition of the partnership business and had made certain representations to him about the condition of the business which misled him in making the division of their property rights, and that the price fixed for the half interest was based, at least so far as the personalty belonging to the partnership was concerned, upon an invoice, and that a certain item of indebtedness of the partnership was not taken into consideration when it should have been considered, and that a certain item of individual indebtedness owing by defendant to the partnership was taken into consideration when it had been previously paid and should not have been taken into consideration, and that deefndant was misled about these matters by the representations of the plaintiff; and had agreed to pay more for plaintiff's interest in the personalty than was coming to him; and that he had paid to plaintiff all that was justly owing to him for his half-interest in the personal property when proper adjustments should be made of these items. The evidence adduced by the defendant amply supports the contention. Such being the opposing contentions, upon the announcement of rest by the respective parties it became the duty of the trial judge to submit the conflicting contentions to the jury by appropriate instructions.

It was held by this court in Campbell v. Thomas-Godfrey Land & Loan Co., 81 Okla. 201, 197 Pac. 452, that:

"In a case tried to the jury, it is the duty of the court to submit by appropriate instructions the theory of the plaintiff, where there is evidence reasonably tending to support the same, and likewise to submit by appropriate instructions the theory of the defendants, where there is evidence reasonably tending to support the same."

In Klein v. Muhlhausen, 83 Okla. 21, 200 Pac. 436, it was held that:

"It is the duty of the court to submit to the jury, and give instruction thereon, any theory, or defense, which the evidence tends to support. This right is not affected by the fact that there is countervailing testimony."

Instructions given by the trial judge which properly submit the conflicting contentions of plaintiff and defendant upon the trial are not conflicting in the sense that is referred to in cases where the conflict in the instructions has been held to justify a reversal of the judgment because the jury was left to guess at which of the instructions it should follow. The conflict presented here is not in the instructions. The conflict here is in the opposing contentions of the parties as to the facts out of which the lawsuit grew. It is the duty of the trial judge to submit every theory of either party which is supported by competent evidence and when this is appropriately done, there is no conflict in the instructions which requires a reversal of the judgment. We have carefully examined the instructions submitted to the jury by the learned trial judge, and conclude that the conflicting theories were appropriately submitted to the jury. The theory of the defendant was submitted from every angle which the proof directly or by reasonable inference justified, and the instructions were as favorable to defendant as he was entitled to have.

There is no complaint made that the amount of plaintiff's recovery was not the proper amount if the plaintiff's theory is to be adopted. The questions of fact were submitted to the jury, and their verdict for plaintiff is amply supported by the evidence.

We have examined the entire record, and have concluded that there is no error requiring a reversal of the judgment.

We recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.