**W. R. PICKERING LUMBER CO. v. SHERRITT.**

No. 13823—Opinion Filed Dec. 9, 1924.

Rehearing Denied Feb. 17, 1925.

1. **Brokers—Principal and Agent — Secret Commission—Public Policy.**

A contract made by an agent or broker whereby he, without the knowledge or consent of the purchaser for whom he is acting, receives a secret commission from the party dealing with the principal, or in any manner acquires an individual interest in the subject-matter of the agency or employment, is contrary to public policy and void.

2. **Trial—Instructions—Covering Defense— Erroneous Refusal.**

It is error for the trial court to refuse to give an instruction covering a defense to sustain which testimony has been offered.

Record examined, and held, that refusal

of instruction on question covered in paragraph one of this syllabus, is reversible error.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Action by G. B. Sherritt against W. R. Pickering Lumber Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded with directions.

Robinson & Meiher, for plaintiff in error.

Earl R. Powers, for defendant in error.

Opinion by LYONS, C. The parties will be referred to as they appeared in the court below. Plaintiff recovered a judgment against the defendant lumber company in the sum of $142.30, as commissions on the sale of lumber by the defendant company, and defendant appeals. Two assignments of error are alleged which require consideration: (a) That the contract plaintiff procured with the lumber company was for the secret commission unknown to the purchaser, and that plaintiff, being an agent of the purchaser, and having concealed the existence of the agreement for said commission from the purchaser, cannot recover for the reason that the contract is contrary to public policy. (b) That the court committed error by refusing to give defendant's instruction numbered one which set forth the foregoing theory relied upon by defendant as a defense.

The plaintiff testified:

"There were three bills of lumber that I purchased from the W. R. Pickering Lumber Compnay after this arrangement, and they settled with me for the commission on one of them.

"The other two bills amounted to a total of $2,800. These two were for the O. S. & W. Hotel building, and the Corley building. I was instrumental in procuring the sale of the lumber in those buildings.

"I did not inquire the extent of the authority of the man I was dealing with. Afterward other officials of the company, Mr. Hailey and Mr. Burhans, told me that Johnson had no authority.

"The buildings on which I claimed a commission were buildings on which I was the contractor. One was a lump sum contract and the other was a labor contract. the first one was a turnkey job where I furnished everything; on the other one I had a labor contract, and I attended to the buying of the lumber for the owners.

"The deal I made with the lumber company for commission was in secret, and was

unknown to the owner. The owner did not know that the lumber company was going to give me a rebate of five per cent. on that contract. I did not think that would be any of his business."

We think the rule is that a contract made by an agent or broker whereby the agent or broker without the knowledge or consent of a purchaser, receives a commission from the party dealing with a purchaser, or in any manner acquires an individual interest in the subject-matter of the agency is contrary to public policy and void. Cobb v. Wm. Kenefick, 23 Okla. 440, 100 Pac. 545; Levy v. Gross, 46 Okla. 626, 149 Pac. 237; Peaden v. Marler, 78 Okla. 200, 189 Pac. 741; Goldrick v. Roxana Petroleum Co., 74 **Okla. 55, 176 Pac. 932.** The foregoing decisions are of course based on the familiar principle that no man can serve two masters.

However, when a person lets out work to another, reserving no control over the work or workmen, the relation of contractor and contractee exists, and not that of master and servant, or principal and agent. **Laffery v. United States Gypsum Co., 83 Kan. 349, 45 L. R. A. (N. S.) 930, 111 Pac. 498.**

It seems to us that under the testimony of the plaintiff the two contracts on which he recovered commissions cannot stand on the same footing. One was a lump sum contract, and the other was a labor contract. The first one was a turnkey job where the contractor furnished everything; on the other one the contractor had the labor contract, and attended to the buying of the lumber for the owners. As to the lump sum contract, where the contractor had the turnkey job and furnished everything, so far as this evidence discloses the contractor was an independent contractor and the owner had no interest in and was not injured by the securing of a rebate or commission, since the contractor was required to furnish the lumber. As to the other contract, where the contractor furnished only the labor and attended to the buying of the lumber for the owners, we think that his acceptance of a five per cent. commission was a violation of the rule of public policy and consequently a breach of fidelity to the owners for whom he acted as a purchasing agent. Therefore under his own testimony he cannot recover for the commission on said contract, and the judgment of the lower court in permitting the recovery to stand as to said item is erroneous.

We pass now to a consideration of the

second assignment of error which was the refusal of the trial court to give instruction numbered one, which is as follows:

"You are instructed that if you find from the evidence that the plaintiff entered into a contract or arrangement with the defendant, lumber company, whereby the lumber company agreed to pay commissions to the plaintiff on sales of lumber made by the defendant through efforts of the plaintiff, and you further find from the evidence that at the time such sales, if any were made, the plaintiff was in the employ of or was representing the buyers at said sales, and you further find that such arrangement to pay commissions was not known to said buyers of lumber; then you are instructed that such contract or arrangement between the plaintiff and defendant would be void as against public policy, and you will find for the defendant."

It was error to refuse to instruct the jury on the point set forth in this instruction, and since nothing in the instructions given by the court appears to cover the matter, the cause must be reversed under the authority of the following cases: Dunlap & Taylor v. Flowers, 21 Okla. 600, 96 Pac. 643; Spurrier Lumber Co. v. Dodson, 30 Okla. 412, 120 Pac. 934; St. Louis & S. F. R. Co. v. Webb. 36 Okla. 235, 128 Pac. 252; Menton v. Richards, 54 Okla. 418, 153 Pac. 1177; Mountcastle v. Miller, 66 Okla. 40, 166 Pac. 1056; Bristow v. Central State Bank, 68 Okla. 195, 173 Pac. 221; Klein v. Mulhaussen, 83 Okla. 21, 200 Pac. 436.

For the errors above set forth the cause is reversed and remanded, with directions to grant a new trial.

By the Court: It is so ordered.

Note.—See under (1) 9 C. J. §§ 68, 69, 2 C. J. §§ 430, 433; (2) 38 Cyc p. 1703.