## SOUTHWEST RADIO SUPPLY CO. et al. v. SMALL.

No. 18854. Opinion Filed Feb. 19, 1929.

Rehearing Denied April 30, 1929.

Ford & Montgomery and Leslie W. Lisle, for plaintiffs in error.

Joe W. Simpson, for defendant in error.

SWINDALL, J. This appeal involves three actions originally commenced by A. A. Small, plaintiff, against the Southwest Radio Supply Company, a copartnership composed of Pettus Taylor and Herbert H. Hinze, individually, as defendants, in the justice of the peace court in the city of Tulsa, Tulsa county, Okla., where the issues were tried and decided in favor of the plaintiff and against the defendants, and the three causes were appealed to the county court and thence transferred to the court of common pleas of Tulsa county, and before the trial were combined by agreement, inasmuch as they grew out of the same transaction and involved the same issues of fact and law.

The first suit involved a check of $250, given by the Southwest Radio Supply Company to G. B. Small Radio Company, drawn on the Producers National Bank of Tulsa, Okla. In order to give the justice court jurisdiction in this case, the plaintiff remitted $50 of the amount of the check and brought his action for $200; the other two actions were each upon promissory notes for the sum of $175 each, one due 60 days after date and the other 120 days after date; the check and notes being indorsed and delivered by G. B. Small Radio Company to the plaintiff, A. A. Small.

The case was tried in the court of common pleas of Tulsa county, and resulted in a verdict and judgment in favor of the plaintiff, A. A. Small, and against the Southwest Radio Supply Company and Taylor and Hinze. Motion for new trial was overruled, and the case comes to this court by petition in error with case-made attached.

For convenience, the parties will be referred to in this opinion as plaintiff and defendants, as they appeared in the court below.

The defendants filed their answer in each of the three cases in the trial court, in which they admitted the execution and delivery of the check for $250 and the two notes for $175 each; and further pleading, alleged that the check and the notes were given to G. B. Small Radio Company for the purchase price of certain goods, wares, and merchandise purchased by the defendants from the G. B. Small Radio Company, and that in the consummation of said sale the plaintiff acted as the agent of the said G. B. Small Radio Company, and upon inquiry by these defendants as to the existence of any indebtedness against the said stock, said inquiry was answered by the plaintiff that there was no indebtedness against the said stock, when in truth and in fact there was a large amount of indebtedness against said stock, the exact amount and the number of creditors being unknown to defendants, and that these defendants, relying upon said statements and believing them to be true, made, executed, and delivered to the plaintiff the check and notes sued upon herein, and that said statements were false and untrue, and known by the plaintiff to be false and untrue, and that said representations. so made as aforesaid, were made for the purpose of cheating and defrauding defendants, and that the said defendants were relying upon the statements of the plaintiff as being true when they executed and delivered to the plaintiff the check and notes mentioned in the pleadings.

And at the trial the defendants requested and were granted leave to file an amendment to their answer in which they pleaded that they rescinded the contract entered into between said plaintiff and said defendants upon discovering said fraud, and pleaded a tender and offer to restore to plaintiff everything of value received by them in said transaction.

The said cause was tried by the court to a jury, and the testimony on behalf of plaintiff reasonably tended to show that A. A. Small, as agent for the G. B. Small Radio Company, stated that the stock was absolutely clear and free from any indebtedness, and that the defendants purchased said stock upon said representations, and after purchasing the same they discovered that there was a large amount of indebtedness against said stock, and that upon discovering said indebtedness they offered to rescind said contract and demanded a return of their check and notes.

It appears from the record that after making the amendment at the trial of the cause in which the defendants offered to rescind

the contract the plaintiff offered to accept such tender and that the court overruled the offer and ordered that the case proceed to trial.

The defendants contend that the trial court erred in refusing to give an instruction covering a defense to sustain which testimony has been offered. We are of the opinion that the answers of the defendants were sufficient to plead fraud and deceit, and the evidence offered by defendants was upon that theory, and that the case should have been submitted to the jury upon that theory. The trial court, however, submitted the case to the jury upon the theory that transferrer and transferee failed to comply with the Bulk Sales Law of the state of Oklahoma, then that the defendants cannot plead fraud and deceit in this case.

The two instructions complained of are instructions Nos. 5 and 7, and are as follows:

"Instruction No. 5:

"You are further instructed that the Bulk Sales Law applicable as a matter of law to this case is as follows: 'The transfer of any portion of a stock of goods, wares, and merchandise, pertaining to the conducting of said business, otherwise than in ordinary course of trade in the regular and usual prosecution of the transferrer's business, or the transfer of an entire stock in bulk, shall be presumed to be fraudulent and void as against the creditors of such transferrer, and such presumption may be rebutted only by the proposed transferee showing that, at least ten days before the transfer, and in good faith, he made a full and explicit inquiry of his transferrer, and of all antecedent transferrers in sales made within 90 days prior thereto, as to the names and addresses of each and all of his or their creditors, and that he demanded and received from such transferrer, or transferrers, at least ten days before such transfer, a list of the names and addresses of all the creditors of said transferrer or transferrers, showing the amount owing each, which statement must be sworn to by such transferrer, or transferrers, and the oath shall include a declaration that it is a correct list of all of his or their creditors, with the post office address and the amount owing each; and that, at least ten days before the transfer, the transferee notified or caused to be notified, of such proposed transfer, personally, or by registered mail, each of the creditors of such transferrer, or transferrers, of whom such transferrer had knowledge, or could with the exercise of reasonable diligence, acquire knowledge, and that such purchase was made by him in good faith, for a fair consideration actually paid.'

"In this connection you are further instructed that unless you find from a preponderance of the evidence that defendants complied with the terms of this law, they cannot as a matter of law urge the fact that they later discovered indebtedness against the business as a defense in this case.

"Defendant excepts. Exception allowed.
"Wm. N. Randolph, Judge."

"Instruction No. 7:

"You are further instructed that even though you should find that plaintiff made fraudulent representations to defendants, by reason of which defendants contracted to buy the property in question and by reason of which the defendants suffered damage, still your verdict cannot be for the defendants unless you further find, as a matter of fact, from a preponderance of the evidence, that defendants complied with the terms of the Bulk Sales Law, as set forth elsewhere in these instructions and that defendants also rescind the contract in the manner elsewhere set forth in these instructions, as being required by law.

"Defendant excepts. Exceptions allowed.
"Wm. Randolph, Judge."

Sections 6027-6030, C. O. S. 1921, commonly known as the Bulk Sales Law, have no application to the case at bar. That act relates only to creditors, and has no application to the purchaser and seller.

In 27 C. J. 887, we find this language:

"Bulk Sales Statutes do not in any way affect the validity of the transfer as between the immediate parties thereto. A sale not in compliance with the Bulk Sales Statute is valid as against all persons other than creditors."

The defense in this case was predicated upon fraud and deceit which the defendants alleged was practiced upon them by the plaintiff in this case, and we think that the answer and evidence sufficiently raised this issue to entitle the defendants to have the same submitted to a jury upon their theory of the case, and that the two instructions given submitted the cause to the jury upon an erroneous theory and are not the law of this case and constitute reversible error.

In Hood v. Wood, 61 Okla. 294, 161 Pac. 210, this court said:

"In a transaction involving the sale of stock in a corporation, representations as to the financial condition of the company, the volume of its business, the amount of its income and expenses, the value of its stock, and its immediate financial prospects are all matters peculiarly within the knowledge of the company, and, when made with the view to induce another to subscribe there-

for, are representations of matters of fact, and not expressions of opinion, and such representations so made, and when relied upon by the purchaser of said stock, if false, constitute actionable fraud."

Also:

"One who relies upon a material representation which is false is not always precluded from recovering damages by reason of the fact that he had the opportunity to investigate for himself, and did not do so."

In the case of Gannon v. Hausaman, 42 Okla. 41, 140 Pac. 407, 52 L. R. A. (N. S.) 519, it is said:

"A false and fraudulent representation, by one who assumes to have personal knowledge, to the purchaser of real estate, that there is no incumbrance thereon, upon which representation the purchaser relies and acts to his injury, will sustain an action for the tort, although the purchaser might have discovered the fraud by searching the public records. A man cannot state falsely to another in such cases and then complain because he was believed."

In the case of Stevens v. Reilly, 56 Okla. 455, 156 Pac. 157, it is said:

"No man should be permitted to complain, or take advantage of the fact that another has too confidently relied on the truthfulness of the statements he has himself made."

In the case of Martinson v. Hamil, 132 Okla. 70, 269 Pac. 255, this court sa.d:

"A person induced by false and fraudulent representations to purchase property has four remedies. He may, first, upon discovery of the fraud, rescind the contract absolutely and sue in an action at law, and recover the consideration parted with upon the fraudulent contract, and in such case he must restore, or offer to restore, to the parties sued whatever he has received by virtue of the contract; or, second, he may bring an action in equity to rescind the contract, and in such case it is sufficient for him to restore, or make offer in his petition to restore, everything of value which he has received under the contract; or, third, he may affirm the contract, retain that which he has received, and bring an action at law to recover the damages sustained by reason of his reliance upon the fraudulent representations; or, fourth, he may, in an action against him to recover the purchase price or to enforce a security given therefor, set up the damages sustained by reason of the fraud, as a defense or by way of counterclaim."

See, also, Howe v. Martin, 23 Okla. 561, 102 Pac. 128.

The defendants having sufficiently pleaded fraud and deceit, then had the right to have this cause submitted to the jury upon that theory of the case.

In Pickering Lbr. Co. v. Sherritt, 105 Okla. 52, 233 Pac. 179, this court said:

"It is error for the trial court to refuse to give an instruction covering a defense to sustain which testimony has been offered."

To the same effect are Bower v. Selby, 105 Okla. 241, 232 Pac. 402; Republic Nat. Bank of St. Louis, Mo., v. First State Bank of Oilton, 110 Okla. 299, 237 Pac. 578; A., T. & S. F. Ry. Co. v. Ridley, 119 Okla. 138, 249 Pac. 289.

We therefore hold that it was error on the part of the trial court in submitting this case to the jury upon the theory that the same was governed by the Bulk Sales Law of the state of Oklahoma, and that the same should have been submitted to the jury upon the theory tendered by the pleadings, that the defendants were induced to purchase the property from G. B. Small Radio Company by fraud and deceit, and that the court committed error in giving instructions 5 and 7 to the jury, and that for this reason the cause must be reversed and remanded to the court of common pleas of Tulsa county, Okla., with directions to sustain the motion for new trial and to take such other and further action as may be consistent with this opinion.

LESTER, V. C. J., and HUNT. CLARK, RILEY, HEFNER, CULLISON, and ANDREWS, JJ., concur. MASON, C. J., absent.