## WEBBER v. SANDRIDGE.

No. 20219.   Opinion Filed July 14, 1931.

Rehearing Denied Sept. 15, 1931.

Erman S. Price and G. W. Hutchins, for plaintiff in error.

Humphrey & Campbell, for defendant in error.

CULLISON, J. Plaintiff instituted suit in the district court of Tulsa county, Okla., to cancel deed of conveyance, covering real property in the city of Tulsa, which said deed plaintiff alleged was a forgery. The case was tried to the court without a jury, and, at the conclusion of said trial, the court made the following finding: "The court finds the issues of fact herein in favor of the defendant and against plaintiff, and further finds that the plaintiff is not entitled to any relief under her petition." And in accordance with said finding, the court rendered judgment against plaintiff and in favor of the defendant.

To review said judgment, plaintiff prosecutes appeal to this court and assigns as error: First. That the judgment and decision of the court in favor of defendant and against the plaintiff is not sustained by the evidence. Second. That the court erred in admitting certain evidence after both parties had rested in said cause.

The land in controversy was a lot situated in the city of Tulsa. The deed in question was executed on December 30, 1918, and immediately placed of record in the recorder's office of Tulsa county, Okla.

This suit was filed September 3, 1925. The testimony discloses that plaintiff and her mother resided on the property in question and adjoining property up until shortly after the time the deed in question was executed.

The testimony also discloses that a sister of plaintiff lived in the house located on the property in question for a short period after the execution of the deed in question, and that she transferred some personal property to the defendant in this case in settlement of the amount due defendant for rent. The testimony further shows that there was a slight error in the spelling of plaintiff's name in the deed to defendant, and that this defect was not noticed until a short time before this suit was filed. The defendant had requested of plaintiff an affidavit or quitclaim deed correcting the spelling of plaintiff's name, and shortly thereafter this suit was filed. The evidence also shows that all of the original records pertaining to this transaction were destroyed in the riot that occurred in Tulsa in the year 1921.

Plaintiff testified and introduced other witnesses, who testified that the plaintiff was not in Tulsa at or near the time the purported deed was executed, but that she was in Kansas City, Mo., a long time prior to the execution of the deed, and remained there for many months after the execution of the deed, and that there was no possibility of her being in Tulsa so as to execute said deed.

Defendant introduced testimony showing that plaintiff was in Tulsa at the time the deed was executed, and that she executed the deed. There was a sharp conflict in the testimony introduced in behalf of plaintiff and defendant. The record is voluminous, containing 550 pages of testimony. This testimony was heard by the trial judge, who also had the privilege of observing the demeanor of the witnesses while they were testifying from the witness stand.

The plaintiff's witnesses testified to practically the same state of facts on behalf of plaintiff, and defendant's witnesses testified to an adverse and contradictory state of facts on behalf of the defendant. With this conflicting evidence before the trial court, the trial judge found in favor of the defendant and rendered his judgment accordingly.

In the case of Martin v. Spaulding, 40 Okla. 191, 137 Pac. 882, in an opinion by Mr. Justice Kane, this court lays down the rule in regard to findings of the court as follows:

"Where the testimony is oral and conflicting, and the finding of the court is general, such finding is a finding of every special thing necessary to be found to sustain the general finding, and is conclusive upon this court upon all doubtful and disputed questions of fact."

This rule has been affirmed by innumerable decisions of the Supreme Court.

The plaintiff's second assignment of error is, that the court erred in admitting certain evidence after both parties had rested in said cause. After the case was closed and both sides rested, the case was reopened and additional testimony introduced. The case was tried to the court without a jury. It is a matter of discretion with the court as to whether it will permit a case to be reopened and further testimony introduced. If the objecting party cannot show that injury has resulted thereby, and that the trial court abused its discretion, the actions of the trial court will not be disturbed.

This court, in the case of Bower v. Selby, 105 Okla. 241, 232 Pac. 402, announces the following rule:

"It is a matter largely in the discretion of the trial court as to whether a party to a proceeding should be permitted to withdraw

his announcement of rest for the purpose of introducing evidence upon some point not already covered by proof, and, unless it reasonably appears that the trial court abused such discretion in reopening the case for further evidence, the appellate court will refuse to find reversible error."

The evidence taken in the case at bar prior to the time of resting was sufficient to support the findings and decision of the trial court, and the reopening of the case, permitting further testimony to be introduced, was not error sufficient to justify a reversal of the case.

After carefully considering the evidence and the authorities cited, we hold that the decision of the district court of Tulsa county, Okla., should be affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. McNEILL, J., disqualified.

Note.—See under (1) 26 R. C. L. p. 1042; R. C. L. Perm. Supp. p. 5834; R. C. L. Continuing Perm. Supp. p. 1050. (2) 2 R. C. L. pp. 202, 203; R. C. L. Perm. Supp. p. 376; R. C. L. Continuing Perm. Supp. p. 39.