JOSEPH LENO *v.* JOSEPH B. STEWART.

February Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed October 11, 1915.

*Principal and Agent—Real Estate Brokers—Agency for Both
Parties—Commissions from Each—Conflicting Interests—
Consent of Principals—Burden of Proof—Public Policy.*

In assumpsit by a real estate broker, employed to sell or exchange a
farm on an agreed commission, against another real estate broker,
employed by another to sell his farm for an agreed commission, on
a contract between plaintiff and defendant that on the exchange of
the two farms, which they effected, defendant should pay plaintiff
one-half the former's commission, there can be no recovery unless
consent of the principals to the double commission is shown, and
the burden of showing that is on plaintiff, for such dual agency
without that consent is against public policy, as prejudicial to the
interests of the principals and in violation of the law requiring the
utmost good faith and loyalty from agents.

ASSUMPSIT.   Plea, the general issue.   Trial by court at the September Term, 1914, Washington County, *Miles,* J., presiding. Judgment for the plaintiff.   The defendant excepted.

The plaintiff and the defendant are real estate brokers and have been for quite a number of years.   Five or six years ago the plaintiff was requested by Walter F. Stoddard to find a customer who would purchase his farm; and it was understood between them that plaintiff was to receive a commission on the sale or exchange of said farm.   The plaintiff undertook to find such a customer, and on several occasions sent or took persons to said farm with a view of purchasing it, but no sale was made to any of them.

In the fall of 1913, the defendant, as agent of Timothy Holland, had the latter's farm for sale, and was authorized to sell it, or to exchange it for a smaller farm.   Stoddard's farm was smaller than Holland's farm.   On or about the 9th day of November, 1913, the defendant applied to the plaintiff to furnish him a customer for the purchase of the Holland farm, promising the plaintiff to pay him one-half the commission which the defendant should receive for the sale or exchange of it, providing the plaintiff furnished him a customer who should purchase said farm or exchange one for it.   At a later date and before the 22nd day of that month, the plaintiff furnished Stoddard as a customer for the purchase and exchange of his said farm for the Holland farm; and before the 26th day of the same month, the trade between Stoddard and Holland, in exchange of farms, was fully consummated.

On the date last named, defendant paid to plaintiff fifty dollars towards the latter's share of the commission that the former had received or was to receive from Holland "for the sale and exchange" of his farm for the Stoddard farm.   Plaintiff received from Stoddard on November 22, 1913, personal property valued at one hundred dollars, as his commission "for the sale and exchange" of the latter's farm.   Defendant received from Holland "for the sale and transfer" of his farm, a commission of four hundred dollars.

Stoddard knew nothing whatever about any arrangement whereby the plaintiff was to receive any commission or reward from either Holland or the defendant, and consequently never consented thereto.   On the day when defendant paid the plaintiff the fifty dollars as before mentioned, the latter represented

to the former that he had received no commission from Stoddard; and it is not found that the defendant ever understood that plaintiff was to receive a commission from Stoddard, or consented to his so doing. And on the occasion when the exchange was agreed upon, the plaintiff called defendant out of the room where Stoddard could not hear them, and told defendant that he would "bust" up the trade unless Holland paid him something.

Plaintiff requested the court to find that in the sale and exchange of the Holland farm for the Stoddard farm, in the transaction involved in this case, "the plaintiff said nothing at all by which he encouraged the trade or advised, or anything of the kind in connection with the deal"; that he merely got Stoddard and the defendant together, and they made the trade themselves. The court said it was unable to find in accordance with this request.

This suit is brought by plaintiff to recover one-half of the commission received by defendant from Holland, less the fifty dollars already received as above stated. The claim of the defendant is, that upon the facts found it is against public policy for plaintiff to be allowed to recover.

*H. C. Shurtleff* for the defendant.

*Theriault & Hunt* for the plaintiff.

WATSON, J. Whatever the result might be if it appeared that the plaintiff were employed for the mere purpose of bringing a possible buyer and seller together, leaving everything else to the action of the principals, as was the case in *Knauss* v. *Gottfried Krueger Brewing Co.,* 142 N. Y. 70, 36 N. E. 867, the record shows that the plaintiff was requested by Stoddard to find a customer who would purchase his farm, and he was to receive a commission "for the sale or exchange" of it, and did receive a commission "for the sale and exchange" of it for the Holland farm in which he was also interested by way of an employment under which he was to receive a commission if he furnished a customer who should purchase it or exchange another farm for it. Stoddard had no knowledge that plaintiff was under such employment as to the Holland farm, and the record does not show that either Holland or his broker, the defendant,

knew of plaintiff's employment by Stoddard. It follows that neither Stoddard on the one hand, nor Holland or the defendant on the other hand, ever consented to such dual agency. If the plaintiff would rely upon such consent, it devolved upon him to show it. *Rice* v. *Davis,* 136 Pa. St. 439, 20 Atl. 513, 20 Am. St. Rep. 931. The plaintiff was present during the negotiations resulting in the exchange of the two farms, and then, in talking to defendant out of the hearing of Stoddard, threatened to break up the trade unless he was paid something by Holland. The facts show the interest the plaintiff was taking to bring the two parties together, in order to win his double commission, consented to by neither of the owners of the properties, nor by the defendant, Holland's agent.

The law requires the utmost good faith and loyalty from agents, for the furtherance and advancement of the interests of their principals. *Noyes* v. *Langdon,* 59 Vt. 569, 10 Atl. 342; *Vermont Marble Co.* v. *Mead,* 85 Vt. 20, 80 Atl. 852; 2 C. J. 692. The plaintiff's actions did not meet this requirement when, without the consent of the parties, he accepted employment by both and in consequence thereof was interested to bring them together in trade, to the exclusion of all others. In such circumstances, the interests of each principal were in danger of prejudice from the adverse interest in the agent. The twofold interests and relations of the plaintiff were inconsistent with the interests of both sides, and he had no right to be engaged by both without their knowledge and consent. We therefore hold that public policy forbids the enforcement of plaintiff's claim which he seeks to recover in this suit. 4 R. C. L. 328; *Walker* v. *Osgood,* 98 Mass. 348, 93 Am. Dec. 168; *Rice* v. *Wood,* 113 Mass. 133, 18 Am. Rep. 459; *Raisin* v. *Clark,* 41 Md. 158, 20 Am. Rep. 66; *Bell* v. *McConnell,* 37 Ohio St. 396, 41 Am. Rep. 528; *Rice* v. *Davis,* cited above; *Cannell* v. *Smith,* 142 Pa. St. 25, 21 Atl. 793, 12 L. R. A. 395; *Howard* v. *Murphy,* 70 N. J. L. 141, 56 Atl. 143, 1 Ann. Cas. 571. The last named case is much in point. There the defendant, a real estate agent, was to receive as compensation for the sale of certain real estate belonging to one Church, all that he secured for the property over eight thousand dollars. The plaintiffs, also real estate agents, were the agents of one Winter and had bought other property for him. Winter represented the Orange Brewery, whose attention had been called to the Church property. The contract sued upon was made with-

out· the knowledge of Winter, and by it the defendant, in consideration of the services rendered by the plaintiffs in effecting the sale, agreed to pay plaintiffs one-third of all profits or commissions made on the sale. The property was sold for nine thousand dollars. The defendant paid the plaintiffs one hundred fifty dollars, and the suit was brought for the balance of the one-third of the one thousand dollars of profit. It was held that the agreement between the plaintiffs and the defendant was in· conflict with the duty which the plaintiffs owed to their client Winter, and for that reason it was unenforceable as against public policy.

*Judgment reversed, and judgment for defendant to recover. his costs.*