#### TOLBERT v. FOUCHE

#### (110 S. E. 115)

1. REPLEVIN—DEFENSE OF DEPOSIT AS PLEDGE· ADMISSIBLE UNDER GENERAL DENIAL.—The defense that the property was deposited as a pledge is admissible under a general denial in an action of claim and delivery.

2. APPEAL AND ERROR—VERDICT UNSUPPORTED BY EVIDENCE UNDISTURBED, IN ABSENCE OF MOTION OR EXCEPTION BELOW.—A verdict entirely unsupported by evidence will not be disturbed on appeal; there having been below no motion to strike that form of verdict submitted which was returned, no motion for new trial, nor motion nor exceptions on the ground of the verdict being entirely unsupported by evidence, especially where justice was attained by the verdict.

Before TOWNSEND, J., Greenwood, April, 1921. Affirmed.

Action by T. P. Tolbert, Jr., against H. W. Fouche. Judgment for defendant and plaintiff appeals.

*Mr. C. W. Creighton,* for appellant, cites: *Pleadings should focus the issue*: 22 A. & E. Enc. L. (2nd. Ed.) 837; 45 S. C., 280. *Withholding possession under claim of title inconsistent with plaintiff's claim is conversion*: 2 Greenl. (15th Ed.) Sec. 642; 28 A. & E. Enc. L. (2nd Ed.) Sec. 681; 1 Bail. 546; L. Bail., 193; 1 McC., 428; L. N. & McC., 59; 2 Hill, 593; 1 S. C., 441; 89 S. C., 535; *Limit of proof under general denial*: 8 S. C., 258; 20 S. C., 14. *Affirmative must be set up*: 17 S. C., 286; 58 S. C., 31; 27 S. C., 621; 1 Bail., 193. *Issues must be confined to pleadings*: 84 S. C., 120; 49 S. C., 517; 48 S. C., 130.

*Messrs. Grier, Park & Nicholson,* for respondent. No citations.

December 19, 1921.

The opinion of the Court was delivered by Mr. Justice Cothran.

Claim and delivery of personal property. Verdict for defendant. Plaintiff appeals.

The controversy arose out of the following facts: In January, 1920, the defendant sold to the plaintiff a sawmill outfit for $1,600, of which he paid $1,000 cash and gave his note for the remainder, $600.00, apparently unsecured. The plaintiff used the outfit until July, 1920, at which time he brought it back to the defendant's premises and left it there. The parties are at variance as to the purpose of the return of the outfit. The plaintiff claims that it was left on the defendant's premises with the defendant's consent, and by agreement that it should be removed by the plaintiff, as his property whenever he wished to call for it. The defendant claims that it was surrendered by the plaintiff to him in satisfaction of the debt, but that he had been always willing, and still was so, for the plaintiff to resume possession upon payment of the balance of the purchase price, and made that offer in his answer. Upon the trial the defendant was allowed to dispute the plaintiff's right to possession upon the ground that the property had been left by the plaintiff with him as a pledge to secure the balance due, a defense not set up in the answer.

The Circuit Judge submitted to the jury three forms of a verdict: (1) For the plaintiff, in the usual form; (2) that the property had been deposited as a pledge for the said balance, stating the amount due to the defendant at $648; (3) for the defendant. The jury returned a verdict in the second form.

The plaintiff's exceptions raise practically the single issue of the admissibility of the defense that the property was deposited as a pledge, under a general

denial. The action of claim and delivery is essentially a proceeding affecting the right of possession which may or may not depend upon the title. The defendant under a general denial has the right to prove any fact which would defeat the right, even of the owner, to the possession of the chattel; and certainly, if the owner has deposited the chattel as a pledge, he is not entitled to the possession of it until he has paid the debt secured by the pledge.

"One who sues for the recovery of personal property must recover upon the strength and validity of his own title and right to the possession of the property; and, if the defendant can show the property and right to the possession of the property in himself or in a third person, he may do so under the general denial, and thus defeat the action." Bliss on Code Pleading (3rd Ed.) p. 474, note.

This case presents the anomalous result of a verdict supported by the testimony of neither the plaintiff nor the defendant. The plaintiff showed facts tending to show that the title and right of possession were in him; the defendant, that both title and right of possession were in him. Neither, in the evidence, offered any testimony as to the hypothecation of the property for the debt. The verdict established such hypothecation, upon the second form of verdict, as to which there was not a particle of evidence.

If a motion to strike the second form of verdict had been made, it should have been granted; if a motion for a new trial had been made, it should have been granted. But as neither motion was made, and no exception entered that the verdict was entirely unsupported by the evidence, the aerial verdict must remain undisturbed. We are less reluctant to confirm that result in view of the manifest justice attained, and in view of the offer of the defendant practically to the same effect in his answer.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.