MARGARET M. DEVINE *vs.* JANE S. HUDGINS.

Cumberland.        Opinion, November 17, 1932.

*John J. Devine,* for plaintiff.
*Frank H. Haskell,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER JJ.

THAXTER, J.    This was an action to recover the sum of $220 claimed to be due from the defendant as a real estate commission.

After a verdict for the defendant the case is brought before this court on the plaintiff's motion for a new trial and on exceptions to certain portions of the judge's charge and to his refusal to give a requested instruction. The motion is not seriously argued and it is clear that the jury's findings on the issues of fact must stand.

The plaintiff was a real estate agent, with whom the defendant had listed a piece of property for sale or exchange. Through the representative of another real estate owner an agreement for an exchange was made under the terms of which the defendant was to receive for her property $11,000 and was to pay to the other owner for his $10,250. This deal eventually fell through. It appears that the plaintiff and the agent of the other party had an agreement to pool their commissions and then to divide them.

The presiding Justice instructed the jury that such agreement, if concealed from the defendant, was illegal and a wrong to her, and that there could be no recovery unless she was fully informed of it. The plaintiff's exception to this instruction, and to the refusal to give a contrary one, is the only point in the case which we need to consider.

A real estate agent with whom property is listed for sale or exchange acts in a fiduciary capacity, if he accepts the proffered employment. It is his duty to obtain for his principal the largest price possible, or in case of an exchange the most advantageous trade. A secret agreement for compensation with the other party or his representative is inconsistent with such position of trust, and is a defense to an action by the agent to recover a commission from his own principal. The temptation is great under such circumstances for the agent to ignore the interests of his employer, and to press for the closing of such transaction as will be most advantageous to himself. Good faith demands a full and frank disclosure to his principal of any such arrangement. *Walker* v. *Osgood*, 98 Mass., 348; *Tracey* v. *Blake*, 229 Mass., 57, 118 N. E., 271; *Leno* v. *Stewart*, 89 Vt., 286, 95 A., 539; *Corder* v. *O'Neill*, 207 Mo., 632, 106 S. W., 10; *Peaden* v. *Marler*, 78 Okla., 200, 189 P., 741; Note 14 A. L. R., 464; 4 R. C. L., 327.

With this doctrine the plaintiff does not disagree but says that she was not acting in a fiduciary capacity but as a middleman who merely brought these parties together and permitted them to make

their own trade, and the case of *Rupp* v. *Sampson*, 16 Gray, 398, is cited in support of the proposition that under such circumstances a recovery may be had. In that case, however, the plaintiff stood indifferent between the parties. He merely brought them together and was entitled to receive from each compensation for such services as he rendered. The court there said, page 401 : "The claim of the plaintiff would have stood on a very different ground if he had been employed as a broker to buy or sell goods."

Plaintiff's counsel calls attention to the fact that the defendant herself and the agent of the other party made their own agreement and that the plaintiff had very little to do with fixing the terms of the exchange. But such fact is entirely consistent with the relationship of principal and agent. The question is whether the plaintiff was employed in a fiduciary capacity and not the extent of her authority to act for her principal. The evidence discloses nothing but the usual status of principal and agent. The defendant listed her property with the plaintiff, who according to her own testimony accepted the employment as agent of the defendant. She sues for the usual commission allowed under such circumstances. If she seeks to recover compensation for acting in that capacity it is essential that she should assume the obligations which attach to such relationship. The charge of the presiding Justice as applied to the facts of this case was entirely correct.

*Motion overruled.*
*Exceptions overruled.*