Ben Skoll *v.* Arthur A. Cushman.

February Term, 1940.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and Jeffords, JJ.

Opinion filed May 7, 1940.

*Sylvester & Ready* for the defendant.

*Wm. R. McFeeters* and *Shangraw & Brown* for the plaintiff.

MOULTON, C. J.   This accident happened at the intersection of two highways in the town of Enosburg.   The defendant was driving his automobile easterly along a cross road, and the plaintiff's truck driven by his servant was proceeding northerly along the main road.   On trial the verdict was for the plaintiff and the issues presented to us arise on defendant's exception to the denial of a motion to set aside the verdict, on the ground that the evidence conclusively showed that the plaintiff's driver was contributorily negligent.   The fact that the defendant was negligent is admitted.

The alleged contributory negligence consists in the disregard of the duties imposed by the following sections of chapter 211 of the Public Laws, section 5140, as amended by No. 126 of the Acts of 1937, providing that a motor truck carrying a weight, or having a carrying capacity, including trailers, of two tons and over shall not be operated at a greater speed than thirty miles per hour; section 5110 (I), that "vehicles meeting while moving in opposite directions shall exercise due care and shall each keep to the right of the center of the highway so as to pass without interference;" and section 5110 (III), that "All intersecting highways shall be approached and entered slowly and with due care to avoid accident."

The claim that the plaintiff was guilty of contributory negligence as a matter of law was not put forward until after the verdict.   The defendant made no motion for a directed verdict, nor a request for a binding instruction, upon this or any other ground.   The presiding judge, in his charge, quoted the sections above mentioned, and instructed the jury that the breach of safety statutes raised a rebuttable rather than a conclusive presumption of negligence which might be overcome by the attending circumstances.   He also submitted the issue of proximate cause, and left to the jury the question of the plaintiff's contributory negligence upon the evidence.   This statement was to the satisfaction of the defendant for he took no exception to it, and so it became the law of the case.   *Perkins* v. *Vermont Hydro-Electric Corp.,* 106 Vt. 367, 417, 177 Atl. 631.   The only exception taken by the defendant to the charge on the question of contributory negligence was to the failure of the court to instruct that if the jury should find that the plaintiff's driver

stated to the defendant that he might have been driving too fast and too far to the left of the highway, they had the right to find the facts in accordance therewith. This statement was attributed by the defendant to the driver, but denied by him. The court in a supplemental charge covered the subject.

■■ Thus it appears that the trial proceeded upon the theory that the evidence concerning the violation of the statutes was conflicting, and that such violation and its effect as a proximate cause of the accident were issues of fact for the jury to determine. By his failure to except to the charge as given and his exception to the failure to charge, which was in effect a request because it pointed out an omission which the court at once supplied, the defendant practically conceded that the evidence made a jury question.

In *Fitzgerald* v. *Metropolitan Life Insurance Co.*, 90 Vt. 291, 306, 307, 98 Atl. 498, 506, the action was upon a life insurance policy and the defense was that the insured had made false representations in his application. The making of the representations, and their falsity, were not disputed, and the question of their materiality was submitted to the jury, without objection by the defendant, which made no request for a different course, but presented requests for instructions framed upon the theory that this was an issue of fact. After an adverse verdict the defendant moved to set the verdict aside on the ground that the false representations were material and avoided the policy. It was held that if the materiality was a question for the court, the fact that there had been no motion for a directed verdict was not in itself a bar to a motion to set aside, but that the trial court could not "be charged with reversible error in giving an instruction which was in harmony with the theory of the defense as indicated by its requests and was not excepted to. The defendant practically conceded by the frame of its requests that the question of materiality as to all the applicants' statements was for the jury. In assuming that the question of their materiality was for the jury, the defendant assumed that there was evidence tending to support the plaintiff's claim regarding them, and we cannot properly sustain the motion on the theory that there was no such evidence. This would be to give a party the benefit of exceptions not taken, and permit him to prevail on a theory of the case different from that on which it was tried."

In *Emerson* v. *Universal Products Co.*, 6 W. W. Harr., Del. 543, 179 Atl. 383, 385, the rule is stated thus: "When, however, at the conclusion of the case neither party has raised any question as to the sufficiency of the testimony and both parties concede that there was sufficient evidence to require the submission of the case to the jury and each takes the chance of concluding the other upon the facts as found by the jury and there be no valid exception to the charge then the parties cannot retrace their steps and raise legal objections to matters theretofore admitted by them. To permit this would be to allow one merely to gamble with the effect of the jury's verdict with no possibility of danger while by timely objections any deficiencies might have been obviated by proof or amendment." Other authorities to the same effect are *Ryan* v. *Hickey*, 240 Mass. 46, 132 N. E. 718, 719; *Emery* v. *Tilo Roofing Co.*, 89 N. H. 165, 195 Atl. 409, 412; *McElroy* v. *Carney*, (R. I.) 124 Atl. 98, 99. And see *Farnham & Sons, Inc.* v. *Wark*, 99 Vt. 446, 451, 134 Atl. 603; *Barclay* v. *Wetmore & Morse Granite Co.*, 94 Vt. 227, 233, 110 Atl. 1.

In a word, then, it comes to this: a party who has conducted the trial of his case upon the theory that the evidence against him has made an issue for the jury, and has permitted it to be submitted to the jury upon that theory, without objection, cannot, at least as a matter of right, avail himself, by a motion to set aside an adverse verdict, of a claim that such verdict was without evidentiary support and should as a matter of law have been in his favor.

Whether the trial court might in its discretion have considered and granted the motion, the lack of supporting evidence having been made to appear, although no question as to this had previously been raised, (see *Lonergan* v. *American Railway Express Co.*, 250 Mass. 30, 144 N. E. 756, 758; *Sanger* v. *Milbury*, 250 Mass. 580, 146 N. E. 45, 46; *Butler* v. *Hoboken Printing & Publishing Co.*, 73 N. J. L. 45, 62 Atl. 272, 273), we need not here decide.

However, the defendant has lost nothing by the foregoing disposition of his motion, for an examination of the record shows that it could not properly have been granted. It is unnecessary to enter upon a discussion of the vexed question of what circumstances will cause the breach of a statutory duty to be

determinative of the existence of negligence. See *Shea* v. *Pilette*, 108 Vt. 446, 451, 189 Atl. 154, 109 A. L. R. 933. Since a motion to set aside a verdict as being without evidentiary support is the same in nature and substance as a motion for a directed verdict, the evidence must be taken in the light most favorable for the prevailing party, and if, viewed in this light, there is such a conflict either of testimony or of inferences to be drawn therefrom that the jury might reasonably find in his favor, the motion must be denied. *Paska* v. *Saunders*, 103 Vt. 204, 216, 153 Atl. 451; *Twin State Fruit Corporation* v. *Kansas*, 104 Vt. 154, 157, 157 Atl. 831. And however undeniable the negligence may have been it must appear that it was a proximate cause of the accident. *Shea* v. *Pilette, supra*, p. 453, 189 Atl. 154, 109 A. L. R. 933 and cas. cit.; *Wright* v. *Godin*, 108 Vt. 23, 25, 182 Atl. 189.

The plaintiff's truck, including its load of seven head of cattle, weighed some eight or nine tons. It was proceeding up a steep grade, at the top of which the intersecting road came in. At a bridge at the bottom of the grade its speed was between 30 and 35 miles an hour. The driver estimated the speed as being the same at the intersection; a witness in the defendant's car put it as "possibly about 35." But the driver also testified that the speed appreciably decreased as he went up the hill and that it would have been necessary to shift into lower gear at the further side of the intersection. The distance from the bridge to the point of collision was between 175 and 200 feet. The truck was in the travelled track of the road at the intersection, but this track, owing to certain inequalities in the surface of the road on the right, veered to the left at this point, so that the truck wheels were astride of the center of the highway.

The defendant's argument is that if the speed had been kept within the statutory limit, or if the truck had been to the right of the center of the highway, the accident would not have taken place. But this is by no means certain. The evidence tended to show that the defendant's car approached the intersection slowly, did not stop at the stop sign and then shot out into the main highway, striking the truck at a right angle at the door on the left side of the cab. Taking the evidence most favorably for the plaintiff, it could not be said that it showed conclusively that the speed of the truck was greater than the statute per-

mitted at the point of collision, or that the speed of 30 to 35 miles an hour at which the truck was driven as it proceeded up the grade, or the fact that it was not entirely on the right hand side of the highway at the intersection constituted, as matter of law, a proximate cause of the accident. The jury might reasonably have reached the conclusion that the truck would have passed the defendant's car safely, and that there would have been no accident if the latter had not driven his car against it. *Sulham v. Bernasconi,* 106 Vt. 192, 200, 170 Atl. 913.

The effect of the statute requiring intersecting highways to be entered slowly and with due care does not require separate attention, since the only claims of negligence are those above mentioned.

The plaintiff has filed a motion to dismiss the defendant's exceptions but it is unnecessary to consider it.

*Judgment affirmed.*