Harry R. Loomis v. Fred R. Graves.

(77 A2d 838)

Special Term at Rutland, November, 1950.

Present: Sherburne, C. J., Jeffords, Cleary and Blackmer, JJ., and Hulburd, Supr. J.

Opinion Filed January 5, 1951.

*J. Malcolm Williams* for the defendant.

*Philip M. M. Phelps* for the plaintiff.

BLACKMER, J.   This is an action of contract arising from the sale of standing timber by the plaintiff to the defendant.   The plaintiff had a verdict; the defendant brings his exceptions here.

On trial, the plaintiff's evidence tended to show an agreed price of seven dollars per thousand board feet, and an alternate price of twelve dollars per thousand board feet in certain contingencies. The defendant admitted that he agreed to pay seven dollars per thousand, and denied agreeing to pay twelve dollars per thousand in any event.   In this state of affairs the defendant offered to show that at the time of the bargain the market value of standing timber in the locality was six dollars per thousand, as tending to show that the agreed price was seven, not twelve, dollars per thousand.   The offered evidence was erroneously excluded.   Any fact, though it be collateral, which renders a material fact more probable or improbable is proper evidence, and may be considered in determining whether that fact exists.   So when the parties to a contract disagree as to its terms and the evidence thereof is conflicting it is often permissible, and is here, to show the value of the property involved. *Davis* v. *Randall,* 85 Vt 70, 72, 81 A 250.   However, the amount of the jury's verdict shows that it accepted the seven dollar figure; the error is therefore harmless.   Supreme Court Rule 9 ; *Macauley* v. *Hyde,* 114 Vt 198, 203, 42 A2d 482 ; *Joly* v. *Coca-Cola Bottling Co. of Rutland,* 115 Vt 174, 184, 55 A2d 181.

The plaintiff introduced evidence tending to show that 6994 board feet of logs were spoiled by being allowed to rot on the ground.   The defendant offered to show that it is a common lumbering practice to leave diseased and faulty logs.   This evidence was

excluded. There was no evidence in the case tending to show that any of the logs for which the plaintiff claimed were diseased or faulty. For that reason the offered evidence was irrelevant; the exclusion was without error.

In the same state of the evidence the defendant further offered to show that it is the common lumbering practice to leave some sound logs which are covered up by foliage. This evidence was excluded. Such a usage or custom would be admissible in evidence only if both parties to the bargain were cognizant of it and entered into the agreement with reference to it; or if it were so general or notorious that knowledge or adoption of it might be presumed. *Stoddard & Son* v. *Village of North Troy,* 102 Vt 462, 469, 150 A 148. The offer did not bring the proposed testimony within this rule; the exclusion was proper.

The jury returned a plaintiff's verdict of $350.98. The defendant admits that $297.07 of this sum is supported by the evidence. His claim, raised by a motion to set aside the verdict, is that there is no evidence to support the balance of $53.91. He particularly claims that there is no evidence on which to base an award of damages for trees which the plaintiff says the defendant was supposed to cut but left standing. The trial court, however, not only submitted the issue of damages for uncut trees, but also directed the jury's attention to certain evidence relating thereto. To this submission the defendant did not except. We need not consider a complaint as to the sufficiency of the evidence to support a verdict when the trial court's charge submitted, without exception, an issue which authorized the verdict as rendered. *Modern Woodmen of America* v. *Yanowski,* Tex Civ App, 187 SW 728; *Elser* v. *Putnam Land & Development Co.,* Tex Civ App, 171 SW 1052; *Cleburn Street Railway Co.* v. *Barnes,* Tex Civ App, 168 SW 991; *Ryan* v. *Hickey,* 240 Mass 46, 132 NE 718; *Barker* v. *Publishers Paper Co.,* 78 NH 571, 103 A 757, LRA 1918 E, 709; 4 CJS Appeal & Error, § 338a; 3 Am Jur Appeal & Error, § 388 note 20. Such is the situation before us. The rule announced is but a natural and reasonable extension of the principle established in *Skoll* v. *Cushman,* 111 Vt 160, 164 (4), 13 A2d 180. It is likewise in harmony with our holdings that an instruction to the jury, without any exceptions having been taken, becomes the law of the case. *Perkins* v. *Vermont Hydro-Electric Corp.,* 106 Vt 367, 417, 177 A 631, and cases cited. In addition, the application of the rule is more com-

pelling when, also as here, it appears from the case as a whole that the jury did substantial justice. See *Tolbert* v. *Fouchi,* 118 SC 141, 110 SE 115.

*Judgment affirmed.*