STATE OF VERMONT *v.* HARRY J. CALKINS.

(96 A2d 815)

February Term, 1953.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and CUSHING, JJ.

Opinion Filed May 5, 1953.

*Philip M. M. Phelps* for the respondent.

*James T. Haugh* for the State.

SHERBURNE, C. J.   The respondent has been found guilty of a violation of an ordinance of the city of Rutland.   He has attempted to brief two questions.   Since his brief on these questions is very short we quote it in full:

"POINT ONE.

"Was there error in excluding evidence as to the unreasonableness of the ordinance?

"Ordinarily the unreasonableness of an ordinance is a question of law, but it may become a question of fact, or a mixed question of law and fact.

"The respondent offered in evidence to show that the ordinance was unreasonable under the particular situation and circumstances as applied to the respond-

ent. (Case p. 2) The witness was not even allowed to answer whether or not he had an opinion as to the unreasonableness of the ordinance.

"A municipal ordinance sometimes becomes a question of fact; and the question may become a mixed question of law and fact to be passed on by the jury under proper instructions where the facts which may or may not make an ordinance unreasonable. (Requests, par. 1. Case p. 3.) 62 CJS § 209, p. 396.

"Point Two.

"Did the ordinance deprive the respondent of the lawful use of his farm in violation of the Constitution and the Declaration of Rights?

"Rights of property protected by the due process guarantees cannot be interfered with, under the guise of protecting the public interest, by legislative action which is arbitrary or without reasonable relation to some purpose within the competency of the State to effect.

"An ordinance which takes away any of the essential attributes of private property is unconstitutional. Likewise, an ordinance which imposes unreasonable restrictions on the use and enjoyment of one's property, or which seriously impairs or destroys the value or use of such property is unconstitutional.

"A legislative act, which, by virtue of its retrospective effect, operates to divest a vested right, amounts to a taking of property without due process. (See Requests to charge, Par. 3. Motion in Arrest. Case p. 5 Exceptions to the judgment. Docket Entry.) 16 CJS 1204-1205."

■ Briefs shall contain a clear statement of the points to be discussed, with a reference to the pages of the record and the authorities relied on in support of each point. Supreme Court Rule 8, § 3. Nothing is presented for our determination unless the excepting party refers us to the specific exception upon which he relies and sets it forth in his brief. *Bonneau* v. *Russell,* 117 Vt 134, 138, 85 A 569; *Turner* v. *Bragg,* 113 Vt 393, 403, 35 A2d 356; *Vermont*

*Evaporator Co.* v. *Taft,* 108 Vt 209, 212, 184 A 704; *West Rutland Trust Co.* v. *Houston,* 104 Vt 204, 209, 158 A 69, 80 ALR 664; *Barclay* v. *Wetmore & Morse Granite Co.,* 94 Vt 227, 234, 110 A 1. A general or abstract statement of law or fact without specific application to some exception will not be considered. 4 CJS, Appeal and Error, § 1324, p. 1898. The respondent's brief is inadequate in all three of these respects.

*Exceptions overruled, and cause remanded for sentence.*