## George W. Fletcher v. Maurice R. Manning

[105 A2d 264]

February Term, 1954.

Present: **Sherburne, C. J., Jeffords, Adams and Chase, JJ., and Sylvester, Supr. J.**

Opinion Filed May 4, 1954.

*Edmunds, Austin & Wick* for the defendant.

*George R. McKee* for the plaintiff.

**Chase, J.** This is a tort action for personal and property damage resulting from a collision between automobiles of the parties on December 15, 1951. Trial was by jury and resulted in a verdict for the plaintiff. The case is here on the defendant's bill of exceptions.

The defendant states in his brief that:

"The sole contention of the defendant is that the plaintiff by his own testimony was guilty of contributory negligence in that he backed onto a highway which was not free from approaching traffic, which he saw or should have seen, and that the trial court should have directed a verdict for the defendant."

■ This contention of the defendant was raised below by his motion for a directed verdict which was denied. To the denial of such motion the defendant took and was allowed an exception. This is the only exception he has briefed so all other exceptions are waived. *Little* v. *Loud*, 112 Vt 299, 301, 23 A2d 628; *Town of Randolph* v. *Ketchum*, 117 Vt 468, 470, 94 A2d 410.

■ In passing upon a motion for a directed verdict the evidence must be taken in the light most favorable to the plaintiff and the ruling of the trial court sustained if the evidence so viewed fairly and reasonably tends to support the verdict. The effect of modifying evidence is to be excluded. Contradictions and contradictory inferences are for the jury to resolve. The tendency of the evidence and not its weight is to be considered. If there is any substantial evidence fairly and reasonably tending to support the plaintiff's claim the question is for the jury. *Campbell* v. *Howard National Bank & Trust Co.*, 118 Vt 182, 103 A2d 96, 97, and cases cited.

Viewed in the light most favorable to the plaintiff the evidence fairly and reasonably tended to show that on the morning of December 15, 1951, the plaintiff backed his automobile from his barn which was on the west side of the highway leading from Westford to Essex Center, across the highway and into a driveway to his house which was on the east side of the highway; that the barn was 78 feet westerly of the highway and the highway was 25 feet wide; that he got across the highway and into his driveway, had stopped and was turning off the switch of his car when the collision occurred; that there was snow on the ground and the highway had just been plowed leaving a ridge of snow six to eight inches in height on the sides of the road; that as the rear wheels of his car hit the hard surface of the highway he looked in both directions

and saw no car approaching; that his unobstructed view to the north was about 1000 feet and to the south about 500 feet; that he looked both ways while in the highway and saw no approaching car.

The evidence of the defendant tended to contradict that of the plaintiff in some instances especially as to where the collision took place and as to whether the defendant's car was in plain view and should have been seen by the plaintiff. The evidence in this case as to the negligence of the defendant, the contributory negligence of the plaintiff and as to the proximate cause of the accident was contradictory. Any contradictions raised by the evidence and inferences therefrom were for the jury to resolve. *Campbell* v. *Howard National Bank & Trust Co., supra.*

There was no error in the refusal of the court to direct a verdict for the defendant or to set aside the verdict after it had been rendered by the jury.

*Judgment affirmed.*