## Janet Senna v. Henry Gero, d.b.a. Gero Brothers

[109 A2d 344]

October Term, 1954.

Present: **Sherburne, C. J., Jeffords, Cleary, Adams and Chase, JJ.**

Opinion Filed November 3, 1954.

*George R. Mc Kee* and *Black & Wilson* for the defendant.

*Fayette & Deschenes* for the plaintiff.

Adams, J. This is an action to recover a loss sustained by the plaintiff when household goods and property belonging to her were damaged and destroyed by fire while they were in a warehouse belonging to the defendant located in Burlington. Trial was by jury with a verdict and judgment for the plaintiff. The case is here on an exception allowed the defendant to the action of the court in denying a motion to reduce the verdict.

The declaration sets forth in substance that the defendant is a common carrier by motor truck in both interstate and intrastate commerce; that on or about December 30th, 1952, the plaintiff turned over to the defendant possession of certain personal property according to a list attached for immediate carriage by motor truck to Winthrop, Mass.; that the plaintiff agreed to pay for such carriage; that subsequently the defendant contrary to his agreement and the plaintiff's instructions placed the property in his warehouse in Burlington where, on February 17, 1953, it was by reason of the negligence of the defendant and without fault of the plaintiff destroyed by fire; that the plaintiff has made claim to the defendant for her loss and he has denied any liability therefor.

The defendant filed no answer or other pleading so under V. S. 47, §1613 (II.) he was considered as pleading a general denial.

The plaintiff's theory of the case was and her evidence tended to show that the defendant was a common carrier by motor truck; that as such he accepted the plaintiff's goods

on December 30, 1952 for transportation to Winthrop, Mass., within a few days at an estimated cost of $50.00; that she paid him $7. and left the balance at Winthrop to be paid when the goods arrived and that the goods were ruined and burned by a fire in the defendant's warehouse at Burlington on February 17, 1953. She also produced evidence to show the value of the goods.

The defendant's theory of the case was and his evidence tended to show that he accepted the goods for storage in his warehouse for the convenience of the plaintiff and at her request; that the $7. paid was for moving the goods into storage; that he quoted her a price of about $50. for the transportation to Winthrop which he was to do later when he had a full load to take near there.

■ The evidence was conflicting and it is not necessary to set it forth in more detail here. Contradictions and contrary inferences were for the jury to resolve. *Campbell* v. *Howard National Bank*, 118 Vt 182, 183, 103 A2d 96, and cases cited.

The court in its charge submitted to the jury the plaintiff's and defendant's theories on which the case was tried. The jury returned a verdict for the plaintiff for $2,000. Before judgment was entered on the verdict the defendant filed a motion to reduce the verdict to $300. The court denied the motion and allowed the defendant an exception. Judgment was then entered on the verdict and an exception allowed the defendant.

The grounds of the defendant's motion to reduce the verdict are in substance; that the jury by its verdict found the defendant to be a common carrier; that as such he operated under General Rules and Regulations (Defendant's Exhibit Q.); that the rate to be charged the plaintiff for transportation of her goods was in accordance with these General Rules and Regulations and tariff therein and limited the liability of the defendant to a released valuation of 30 cents per pound of the shipment on a minimum weight of 1,000 pounds; that its weight was 630 pounds; that he prepared a Uniform Household Goods Bill of Lading; that the plaintiff failed to accept

the bill of lading and failed to notify the defendant that she wished him to transport the goods with liability only as provided by common law.

It should be said at the outset that defendant's Q. was admitted for a limited purpose only and there is a serious question if it is in the case to such an extent that it can be used for the purpose set forth in the defendant's motion. We pass over that question, however. It should also be said that the record shows from the evidence of the defendant that no bill of lading was prepared and that the only paper or receipt that the plaintiff saw or received was for the $7. payment. It was given her at the time the defendant loaded the goods on his truck and is made out on one of his warehouse receipt forms. It specified that the $7. payment is for moving the goods into storage.

■■ Prima facie, a common carrier, by accepting goods for transportation incurs the responsibility put upon him by the common law as that law is modified by statute. Anyone asserting the contrary assumes the burden of proving it. The common law as to liability of common carriers has been somewhat modified by Federal laws. As now generally recognized and accepted, the law as to such liability is that such carrier is liable for the loss or damage unless caused by the act of God, the public enemies, the fault of the shipper, acts of public authority, the inherent nature of the property or some cause against which the carrier has lawfully contracted. *Ledoux* v. *Railway Express Agency*, 113 Vt 480, 483, 35 A2d 665, and cases cited.

■ A carrier setting up a contractual limitation of liability to the value of the property received for shipment ordinarily has the burden of proving facts necessary to entitle it to such limitation. 13 CJS Carriers, p. 545.

Because of the theory upon which the defendant tried the case, it is not necessary for us to decide if he could have shown under his general denial a claimed limitation as to damages because of released value. His defense was that he had the plaintiff's goods in storage as a warehouseman. He claimed that the $7. he received was for moving the goods

into storage in his warehouse. At the close of all the evidence both parties made a motion for a directed verdict. Both motions were denied. The defendant in his motion claimed "that the plaintiff has not sustained his burden of proof to show that the defendant is in fact a common carrier, but has on the contrary shown him to be a warehouseman which is the defendant's contention and theory of this case."

The presiding judge charged the jury in substance that the plaintiff claimed that the defendant is a common carrier; that the defendant has filed a general denial to the claim of the plaintiff and the defense that he has offered is that he was acting as a warehouseman of the plaintiff's goods rather than as a common carrier and that under his responsibility as a warehouseman he is not liable for the loss; that the principal question for the jury to decide is whether on the evidence the defendant's relationship with the plaintiff at the time of the loss or destruction of the goods was that of a common carrier or that of a warehouseman; that if the defendant's liability is that of a warehouseman the verdict that the jury would have to bring in would be a defendant's verdict; but if they find that the defendant was acting as a common carrier they would then come to the question of damages. He then charged that the measure of damages is the difference in the value of the goods to the plaintiff just prior to the injury and subsequent thereto; that it was the duty of the plaintiff to minimize the damages by salvaging her property within a reasonable time and if she failed so to do that the salvage value should be deducted from the damages arrived at by the valuation figures.

The charge on the matters mentioned, particularly on the measure of damages, was satisfactory to the defendant as he took no exceptions to it in that regard.

■ A charge on the measure of damages that is unexcepted to becomes the law of the case. *Shields* v. *Vermont Mutual Fire Ins. Co.*, 102 Vt 224, 254-255, 147 A 352. This Court in *Perkins* v. *Vermont Hydro-electric Corporation*, 106 Vt 367, 417, 177 A 631, 654 said, omitting citations, "It has been said that a ruling of the trial court, or an instruction to

the jury, without any exceptions having been taken, becomes the law of the case. And that where it appears from the record that the trial below proceeded upon a certain theory, acquiesced in by court and counsel, the theory thus adopted whether right or wrong becomes the law of the case." And again at page 418, under certain circumstances, "It would be more precise to say it is the 'law of the trial'."

That is the situation here. The defendant tried his case, under his general denial, upon the theory that he had the plaintiff's goods at the time of her loss as a warehouseman and was therefor not liable. However, he was content with the court's charge on the measure of damages if the jury found that the defendant had the goods as a common carrier. He took a chance that the jury would bring in a verdict in his favor and after he was cast because the jury found that he was liable, he takes the position that the measure of damages used by the court and jury is wrong and without evidentiary support. His motion is, in effect, to set aside the verdict as to damages on an issue in connection therewith that was not raised by him and litigated and enter a judgment for a lesser amount than found by the jury.

■ A party is not entitled, at least as a matter of right, after a verdict against him to take a position on a matter of law that is different from that taken by him without objection during the trial. *Skoll* v. *Cushman*, 111 Vt 160, 162-164, 13 A2d 180.

The defendant claims that his motion is proper under procedure sanctioned in *The Ansaldo San Giorgio I* v. *Rheinstrom Bros. Co.*, 294 US 494, 55 S Ct 483, 79 L Ed 1016. In that case the validity of a stipulation in the bill of lading as to how the damages were to be computed was in issue. The cause was referred to a commissioner who held that the stipulation was invalid as a matter of law and assessed the damages without regard to the stipulation. The validity of the stipulation was directly in issue before the trier. The case is not in point on the procedure that the defendant attempts to invoke here.

There was no error in denying the defendant's motion. *Judgment affirmed.*