### Alex M. Laferriere v. Henry and Irma Saliba

[117 A2d 380]

January Term, 1955.

Present: Sherburne, C. J., Cleary, Adams and Chase, JJ., and Smith, Supr. J.

Opinion Filed February 1, 1955.

Opinion on Motion for Reargument filed October 4, 1955.

26

*Jose M. Monte* (*Monti & Calhoun* on the brief) for the defendant.

*Finn & Davis* for the plaintiff.

**Adams, J.** This is an action of contract brought to recover a commission on the sale of real estate alleged to be due from the defendants to the plaintiff. The writ is in common counts with specifications. The defendants answered by pleading the general issue and a further answer that if an agency existed it was terminated by the defendants prior to the sale in question. Trial was by jury with verdict and judgment for the plaintiff. The case is here on exceptions of the defendants.

The plaintiff's theory of the case was and his evidence tended to show that he was a real estate broker, that the defendants were desirous of selling a house owned by them in the city of Barre, that they had previously listed it with another real estate agent for sale, that later the defendants approached the plaintiff in regard to selling it and as a result thereof an oral agreement was made whereby the plaintiff undertook the sale and the defendants agreed to pay him a 5% commission. That the plaintiff showed one Hutchinson the defendants' house and showed the defendants the Hutchinson house, that the asking price of both houses was discussed, that at different times the asking price of the defendants' house was $24,000.00 and then $22,500.00 and for the Hutchinson house it was $18,000.00 and then $16,000.00, that when the parties later exchanged houses Hutchinson paid the defendants $6,500.00 in cash, that the deeds of the respective houses had revenue stamps attached showing the value of the defendants' house as $18,500.00 and the Hutchinson house as $12,000.00.

The defendants' theory was and their evidence tended to show that they never approached the plaintiff in regard to selling their house, that the plaintiff approached them

with Hutchinson about an exchange of the two houses, that an offer was made by Hutchinson that was declined by the defendants and that the defendants then told the plaintiff that they did not desire to sell their house and would not pay him any commission if the houses were exchanged.

The first exception briefed is to the charge of the court. In the course of its charge the court told the jury, "It is true some work or negotiations were done by the plaintiff and we have a rule which is sometimes invoked and which you have a right to consider in this case. That is where a person serves another or works for another, even in the absence of any promise of compensation, the law implies that the person who furnishes the work or performs the services is entitled to recover or is entitled to recover the reasonable value of the service which he rendered." The defendants took the following exceptions, "The defendants except to the part of the court's charge where you said even though there was no contract if any services were performed he is entitled to recover for those. But I think that is going further than the contract. If the contract was terminated then he was not entitled to recover anything."

The court then told the jury by way of supplemental charge, "I think I called your attention to the fact that you might well possibly find at one time there was an agency between the plaintiff and the defendants. If you should later find, before the sale was consummated that it was terminated, particularly having in mind the view taken by the defendants, that an offer of only $4,000.00 was made and that he [they] turned that down and said he [they] was [were] through with the deal, if you find those things to be true, then your verdict will be for the defendants." The case on the evidence and upon the theory upon which it was tried did not call for a charge upon an implied contract to pay the reasonable value for services performed. The defendants did not renew their exception after the foregoing supplemental charge and while the court did not specifically withdraw the language excepted to, it might have understood that the defendants were satisfied.

A charge is to be taken as a whole and although it may contain some expressions that, taken alone, would be

error, yet if as a whole it breathes the true spirit and doctrine of the law and there is no fair ground to say that the jury has been misled by it, it ought to stand. *Cole* v. *West Danville Coop. Creamery Assoc.*, 103 Vt 32, 45, 151 A 568; *In re Moxley's Will*, 103 Vt 100, 114, 152 A 713, and cases cited; *Gould* v. *Gould*, 110 Vt 324, 329, 6 A2d 24.

An examination of the entire charge shows that the court before the language excepted to, had already told the jury that the plaintiff in order to recover must show that the defendants engaged the plaintiff as a real estate broker to sell or exchange their property and that he procured a customer ready, able and willing to purchase at a price agreed to and accepted by the defendants. This was later repeated as the true test. Again they were told if they believed that the deal was called off the plaintiff failed. They were told that if they were satisfied that the plaintiff was entitled to recover the amount of the commission it would be 5% of either the $18,500.00 or the $22,500.00 value. The substance of these essentials was repeated several times.

Furthermore, any doubt in regard to the matter is resolved against the defendants by what transpired after the jury had received the case and deliberated. They then returned and asked the court if they had to take the full amount of the commission or if they could set the amount themselves. They were then told that in the event they should conclude that the plaintiff had established his case and is entitled to recover, there appears to be no opportunity to compromise and the plaintiff is then entitled to recover a 5% commission of either $18,500.00 or $22,500.00 plus interest at six per cent otherwise their verdict would be for the defendants. No exception was taken to this by the defendants. The court thus took that part of the charge to which the original exception applied out of the case. The verdict was for 5% of $18,500.00 plus interest. It is plain that the jury was not misled and the error complained of was rendered harmless. This exception is not sustained.

After verdict and before judgment, the defendants made two motions to set aside the verdict. The first is for the reason that the verdict is against the weight of the evidence

and contains three grounds. The second is that the verdict is not supported by the evidence and contains three grounds other than the three contained in the first motion.

■ The expression "against the weight of the evidence" means the same thing as the expression "against the evidence" or "contrary to the evidence". *Russell* v. *Pilger*, 113 Vt 537, 550, 37 A2d 403.

■ A motion to set aside a verdict on the ground that it is against the evidence is addressed to the discretion of the trial court and on the ground that there is no supporting evidence raises a question of law. A motion on the latter ground is the same in nature and substance as a motion for a directed verdict and the ruling of the trial court in denying it must be sustained if the evidence taken in the most favorable light for the prevailing party fairly and reasonably tends to support the verdict. *Gould* v. *Gould, supra*, 110 Vt 324, 331, 6 A2d 24, and cases cited; *Belock* v. *State Mutual Fire Ins. Co.*, 106 Vt 435, 439, 175 A 19, and cases cited; *Long* v. *Leonard*, 113 Vt 258, 263, 32 A2d 679; *Collins* v. *Fogg*, 110 Vt 465, 470, 8 A2d 684, and cases cited; *Wilford* v. *Salvucci*, 117 Vt 495, 498, 95 A2d 37.

■ The defendants do not brief any of the grounds of the motion to set aside the verdict as against the weight of the evidence and the first two grounds of the motion to set aside the verdict as not supported by the evidence, so they are waived. *Fletcher* v. *Manning*, 118 Vt 240, 241, 105 A2d 264, and cases cited; *Strout* v. *Wooster*, 118 Vt 66, 99 A2d 689, and cases cited.

The third ground of the latter motion which is the one briefed by the defendant is, "That the plaintiff could not act as agent of both the defendants and Hutchinson without disclosing all the facts to the two principals and that he certainly did not do this and he could recover no commission." They say that the evidence showed that the plaintiff claimed and collected a commission of Hutchinson and in seeking to recover a commission of these defendants he is claiming to act as agent for both parties in the transaction. They charge in their brief that the evidence is destitute of any consent by

the defendants and Hutchinson to show that they consented to the payment of a double commission to the plaintiff or to a dual agency of the plaintiff and that the enforcement of the plaintiff's claim should be denied as a matter of law. They call attention that the court in its charge said that the plaintiff was acting "in somewhat of a dual capacity."

They rely upon the case of *Leno* v. *Stewart*, 89 Vt 286, 95 A 539. In that case this Court at page 289, omitting citations, said: "The law requires the utmost good faith and loyalty from agents, for the furtherance and advancement of the interests of their principals. The plaintiff's action did not meet this requirement when, without consent of both parties, he accepted employment by both and in consequence thereof was interested to bring them together in trade, to the exclusion of all others. In such circumstances the interests of each principal were in danger of prejudice from the adverse interest of the agent. The twofold interests and relations of the plaintiff were inconsistent with the interests of both sides and he had no right to be engaged by both without their knowledge and consent. We therefore hold that public policy forbids the enforcement of plaintiff's claim which he seeks to recover in this suit."

Where the excepting party takes the position that there is no evidence to establish a material fact and upon that question tenders the transcript, it becomes the duty of the prevailing party who has the burden of proving the fact to point out such evidence. *Rice's Admr.* v. *Press*, 117 Vt 442, 450, 94 A2d 397; *Leonard* v. *Hutchinson*, 118 Vt 29, 39, 99 A2d 698.

Here the plaintiff has not pointed out any evidence as to the question raised in regard to the plaintiff's conduct and agency for both parties. Instead, he answers the defendants by claiming that the question of the plaintiff acting for both parties was not raised by the defendants as an issue in the case before the verdict was rendered and that it was not the theory upon which the case was tried. He quotes quite extensively from the charge of the court where dual capacity was mentioned. The court stated, "Now the plaintiff here was acting somewhat in a dual capacity. He apparently repre-

sented Mr. Hutchinson and he must have thought he was because he made him pay a commission. He takes the view he was representing the defendants. Now representing both the plaintiff (meaning Hutchinson) and the defendants, acting in a dual capacity, he had to exercise the utmost good faith toward each of the parties." The court then spoke about the evidence in regard to offers and the claim they were not accepted. Then it reverted to the two essentials already called to the attention of the jury, namely, about the burden being on the plaintiff to show that the defendants engaged him to sell or exchange their property and that he was the procuring cause of the transaction which resulted in the exchange of the two properties, that if the plaintiff had satisfied the jury as to these two essentials, he was entitled to recover, otherwise not. The substance of this was repeated several times, but dual capacity or acting as agent for both parties was not mentioned again or in any other manner.

The defendants took no exception to the charge in this connection. They made no motion for a directed verdict on the ground now relied upon or in fact on any other ground. They made no request for a binding instruction on this ground. The claim that the plaintiff cannot recover as a matter of law because the plaintiff was acting as agent for both Hutchinson and the defendants without disclosing all the facts to them and that there is no supporting evidence that he did this is put forward for the first time after the verdict.

■ We need not consider a complaint as to the sufficiency of the evidence to support a verdict where the trial court's charge submitted an issue without exception which authorized the verdict. *Loomis* v. *Graves*, 116 Vt 438, 440, 77 A2d 838. In the instant case, however, it does not appear from the charge as a whole that the trial court did submit the issue of the plaintiff acting in a dual capacity and his good faith in so doing to the jury. It is apparent that this theory was not in the case as submitted to the jury.

■ A party who has conducted his case upon the theory that the evidence has made a case for the jury and has permitted it to be submitted upon that theory, without objection,

cannot, at least as a matter of right, avail himself, by a motion to set aside the adverse verdict, of a claim that such verdict is without evidentiary support and should as a matter of law have been in his favor. *Skoll* v. *Cushman*, 111 Vt 160, 164, 13 A2d 180.

█ If the defendants desired to question the insufficiency of the evidence in regard to the plaintiff's good faith while claiming to act as agent for both parties they should have done so by proper action, that is by a motion for a directed verdict or a request for a binding instruction or both, to bring this theory and issue into the case and the lack of such evidence to the attention of the trial court before verdict and they cannot do so after verdict, as a matter of right, by a motion to set aside the adverse verdict. If such procedure had been followed by the defendants, the court in its discretion and upon a request and proper showing would have been in a position to allow the plaintiff to supply the lack of such evidence, if any he might have. The issue would then have been in the case and could have been properly disposed of by the trial court.

This is but a reasonable extension of the principle established in *Skoll* v. *Cushman*, *supra*; *Loomis* v. *Graves*, *supra*; and *Senna* v. *Gero*, 118 Vt 333, 109 A2d 344; 3 Am Jur, Appeal & Error, §388.

As in *Skoll* v. *Cushman*, *supra*, we are not called upon here to decide whether the trial court in its discretion might have considered and granted the present motion.

What disposition shall we make of the case here? The defendants claim that their exception to the verdict and judgment raises the question of the sufficiency of the evidence so that we can grant the motion to set aside the verdict and enter judgment for the defendants. They rely upon two cases, *Hamblett* v. *Bliss*, 55 Vt 535, and *Farrant* v. *Bates*, 60 Vt 37, 11 A 693. Neither is authority for the claim made for them. In the first the exception was to the action of the trial court in directing a verdict for the plaintiff. In the second the exception was to judgment founded on a special verdict.

34

Here there was no motion for a directed verdict and no motion for a judgment notwithstanding the verdict. We are not disposed to enter a judgment for the defendants under those circumstances without some authority so to do having been pointed out to us. On the record before us we can overrule the exceptions and affirm the judgment for the plaintiff.

■ That we have the power in our discretion and to prevent a failure of justice, to remand the cause is beyond question and it has been our practice to do so when the circumstances warrant it. *Shea* v. *Pilette*, 108 Vt 446, 455, 189 A 154, 109 ALR 933, and cases cited; *Essex Chair Co.* v. *Fine Furniture Co.*, 116 Vt 145, 148, 70 A2d 578, and cases cited; *Rice's Admr.* v. *Press*, 117 Vt 442, 451, 94 A2d 397.

The instant case is quite like the Rice case last cited. There the question was lack of evidence on the part of the plaintiff, but in that case, unlike the present case, the question was raised in the first instance by a motion for a directed verdict.

Enough appears in the record to satisfy us that the defendants may have a meritorious defense by reason of the issue raised by their motion when properly and timely raised and presented and we think they should have that opportunity. *Hammonds, Inc.* v. *Flanders*, 109 Vt 78, 83, 191 A 925; *Essex Chair Co.* v. *Fine Furniture Co.*, *supra*. The plaintiff likewise should have the opportunity to meet that issue by evidence if any he may have. Furthermore, in addition to the matter of justice between the parties, there is involved here the element of public policy. *Leno* v. *Stewart*, *supra*, 89 Vt at page 289, 95 A 539.

For examples of a remand for a new trial on a limited issue only, see *Mott* v. *Bourgeois*, 109 Vt 514, 522, 1 A2d 704; *Shea* v. *Pilette*, *supra*, 108 Vt at page 457, 189 A 159; *Johnson* v. *Hardware Mutual Casualty Co.*, 108 Vt 269, 282-288, 187 A 788.

*Judgment reversed and cause remanded for a new trial only upon the issue of the good faith and conduct of the plaintiff while acting as agent for both Hutchinson and the defendants.*

## On Motion for Reargument

Present: **Jeffords, C. J., Cleary, Adams, Chase and Hulbard, JJ.**

**Adams, J.** After the foregoing opinion was promulgated, the defendants filed a motion for reargument. The ground of the motion is that we overlooked and did not consider certain portions of their brief when we said that they did not brief the grounds of their motion to set aside the verdict as against the weight of the evidence and the first two grounds of their motion to set aside the verdict as not supported by the evidence.

They direct our attention to certain pages in that part of their brief wherein they briefed an exception to the charge of the court and to certain pages in their reply brief. They now say that certain statements in their main brief were misplaced and should have been in that part of their brief that pertains to the grounds collectively of their motions to set aside the verdict. They also point out certain statements in their reply brief.

The statements in question when considered with that part of their brief in which they appear pertain and apply with other arguments to the exception to the charge in regard to an implied contract. We did not overlook them. We gave them due consideration with the remainder of the briefs on the point where the defendants placed them. If they wished them to apply also to another question, it was their duty to so state. We do not search the briefs and attempt to rearrange them for the purpose of ascertaining the points or exceptions to which the various parts apply. We assume that the one who made and compiled a brief has stated what he considers applicable for our consideration on each question upon which he relies.

Furthermore, the statements that the defendants now wish us to consider as applicable to the grounds of their motions that we said were not briefed, do not, when considered by themselves, adequately brief those grounds. As so presented, they were not therefore, for consideration. *State* v. *Calkins*, 117 Vt 539, 96 A2d 815.

 Failure to adequately brief or present a case does not afford a ground for a rehearing. *Turner v. Bragg*, 113 Vt 393, 405, 35 A2d 356, and cases cited.

*Motion for reargument denied. Let full entry go down.*