**Elery Jones v. Henry Lavanway**

[187 A.2d 346]

November Term, 1962

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed January 2, 1963

*Robert A. Magoon* for the plaintiff.

*Theriault & Joslin* for the defendant.

**Holden, J.** By this action in contract the plaintiff seeks to recover for cutting, skidding and hauling logs for the defendant. The proceedings were commenced in Lamoille County Court by a complaint and writ of attachment. The process was signed by Robert A. Magoon, the plaintiff's attorney, but below his signature there appears the word "Clerk," rather than the correct designation of his capacity as attorney for the plaintiff. This irregularity was challenged by a motion to dismiss, incorporated in the defendant's answer and counterclaim. The motion was denied and the cause proceeded to trial by jury on the complaint and counterclaim. The jury found for the plaintiff on both claims and judgment for the plaintiff was entered accordingly. The defendant appeals.

The first assignment of error is directed to the denial of the motion to dismiss. The contention is that the misdescription of the capacity of the person in whose name the process issued deprived the county court of jurisdiction to determine the merits of the controversy.

The process was signed by one who had full authority to set the legal procedure in motion. And the signature of the plaintiff's attorney to the writ of summons and attachment, in itself, furnished the defendant with all the security for the cost of the prosecution to which he was entitled. 12 V.S.A. §654 (a), (b). The mistaken identification of the signer did not divest him of authority nor deprive the process of legal effect. The error was one of form rather than of substance and does not impeach the judgment after trial on the merits. *Johnson* v. *Nash,* 20 Vt. 40, 41. See also *Howe* v. *Lisbon Savings Bank,* 111 Vt. 201, 213, 14 A.2d 3.

■ No prejudice has been shown. Since the defect was amendable at any time, we regard the court's advancing the case to trial as the equivalent of correcting the defect under 12 V.S.A. §656(a). See also 72 C.J.S. Process, §§113, 114; 42 Am. Jur. Process §21.

The defendant's remaining assignment of error is directed to the action of the trial court in refusing to set aside the verdict as to damages. The defendant contends that the plaintiff failed to comply with the requirement of the oral contract that he was to be compensated for his labor according to measure of the logs taken at the defendant's mill. The plaintiff presented evidence that he was unable to obtain the mill measure because of the defendant's refusal to permit the plaintiff to take an accurate mill scale. Accordingly, the plaintiff's deliveries were based on estimates. The court instructed the jury that if they should find the defendant responsible for the termination of the contract before its completion, the plaintiff's recovery should be based on the quantity of logs which they determined the plaintiff had actually cut and skidded. No objection nor exception to the instruction was made by the defendant. The recovery awarded by the jury was consistent with the charge and somewhat less than the total amount claimed by the plaintiff.

■■ Since the verdict as to damages was justified by the evidence, the motion to set aside was properly denied. Moreover, since the amount of the award was authorized by the court's instructions, it cannot be disturbed on appeal, in the absence of an objection made known at the time the cause was submitted. *Loomis* v. *Graves*, 116 Vt. 438, 440, 77 A.2d 838.

*Judgment affirmed.*