## Paul A. and Lorraine Begin
v.
## State Farm Mutual Automobile Insurance Company
## Doris Piper
v.
## State Farm Mutual Automobile Insurance Company

[302 A.2d 602]

No. 109-72
110-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed April 6, 1973

*Lee E. Emerson, Esq.,* Barton, for Plaintiff.

*Pierson, Affolter & Amidon,* Burlington, for Defendant.

**Per Curiam.** These cases relate to an insurance policy provision giving the policyholder and others within the policy protection against injury occasioned by the negligence of an uninsured motorist. A number of claims were advanced relating to the right of the insurance company to assert certain defenses and refuse to pay the demanded damages. The plain-

tiffs were given the option, by order of the lower court, to seek a new trial, giving opportunity to the insurer to contest the issues of liability and damages, or to have the action dismissed.

No petition for a new trial having been filed within the time limited, dismissal followed, and the matter was appealed here. On argument it developed that the insurer now seeks to test only the amount of damages. Both sides agreed that justice would be better served by a factual hearing on that issue rather than an adverse disposition made as a matter of law. Since the function of a court of law is to adjudicate in the manner most consonant with justice, disputes between litigants, rather than make abstract pronouncements of legal doctrine, we favor dispositions that tend to most fully develop the facts. We agree that the cause of justice in this case will be best served by a new trial between these parties on the damage issue, and so order. *Laferriere* v. *Saliba,* 119 Vt. 25, 34, 117 A.2d 380 (1955); *Shea* v. *Pilette,* 108 Vt. 446, 455–56, 189 A. 154 (1937).

*Judgment reversed pro forma, and cause remanded for a trial on the issue of damages.*